(April 12, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM E. WARD, JR., Appellant. [722 NYS2d 830] —Mugglin, J. Appeal from a judgment of the County Court of Delaware County (Estes, J.), rendered June 14, 1999, upon a verdict convicting defendant of the crime of criminal possession of a dangerous weapon in the first degree.

By indictment filed in December 1998, defendant was accused of criminal possession of a dangerous weapon in the first degree and conspiracy in the second degree. As a result of pretrial motions, the count charging conspiracy in the second degree was dismissed. Following a jury trial, defendant was found guilty of the remaining count and sentenced to a determinate term of 25 years in prison. Defendant now appeals.

The prosecution's case rested primarily upon the testimony of Kenneth Powers who testified that defendant asked him to help murder defendant's estranged girlfriend by "blowing her up." According to Powers, the murder was to be accomplished by the placement of a "pipe bomb" adjacent to the exhaust manifold of the victim's automobile when it was in the parking lot at her place of employment, so that the bomb would kill not only her, but also her new paramour. Powers claimed that defendant agreed to pay him $500 from the proceeds of a life insurance policy on the ex-girlfriend's life for planting the pipe bomb.

Powers and defendant went to a local store in an unsuccessful attempt to obtain shotgun shells that would be used to construct the bomb. Eventually, defendant obtained the necessary shotgun shells, constructed the bomb and subsequently exhibited it to Powers. After consulting various texts at a local library, defendant informed Powers that he wanted "the bitch dead" and told Powers where to place the pipe bomb on the automobile to achieve detonation. At that point, Powers realized that the bombing was imminent and contacted the State Police, who placed an electronic eavesdropping device on Powers and a transmitting device in his residence. Several hours

later, defendant came to Powers' residence to discuss the final plans and the police recorded the conversation. Upon leaving, defendant was arrested and the State Police obtained a search warrant for his residence. Execution of the warrant resulted in the recovery of the pipe bomb and materials used in its construction.

Defendant argues on appeal that he is entitled to reversal of his conviction since the verdict is against the weight of the evidence, County Court erred by failing to grant a trial order of dismissal, the supplemental charge given by County Court infringed upon his right to a fair trial, County Court erred by failing to impose appropriate sanctions for *Rosario* violations, destruction of the pipe bomb denied him a fair trial and he was denied the effective assistance of counsel. In the alternative, defendant requests that this Court modify his sentence, claiming that it is unduly harsh and excessive. The People contend that there is no merit to any of the errors alleged by defendant.

First, defendant asserts that the jury's verdict is against the weight of the evidence because there was no valid line of reasoning from which the jury could correctly conclude that the pipe bomb contained an "explosive substance" or that it was capable of exploding. To evaluate whether the jury gave proper weight to the evidence, we must review the entirety of the record to determine if a different verdict would not have been unreasonable and, if so, we are required to " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62). If the jury has failed to accord the evidence its proper weight, the verdict may be set aside (*see*, *People v Bleakley*, *supra*, at 495). Applying these rules here, we are convinced that the jury properly weighed the trial evidence. It is the jury's function to resolve issues of credibility and to accept or reject all or part of the testimony (*see*, *People v Holland*, 279 AD2d 645, 646). There is no question that the jury performed this function because it resolved the question presently raised by defendant in favor of the People by accepting the testimony of the police witnesses and rejecting the view of defendant's expert that the bomb was not an explosive substance since it was incapable of exploding.

Defendant next argues that his motion for dismissal at the conclusion of the People's case should have been granted since there was insufficient proof to establish beyond a reasonable doubt that the pipe contained an explosive substance. We disagree since our review of the evidence, when viewed in the

light most favorable to the People (*see, People v Contes*, 60 NY2d 620, 621), reveals a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury" (*People v Bleakley*, 69 NY2d 490, 495). A member of the State Police Bomb Disposal Unit testified that the pipe bomb emitted white smoke when it was detonated, which is indicative of doublebase smokeless gunpowder. He further testified that the pipe bomb was readily capable of exploding when exposed to a source of sufficient heat, such as an automobile exhaust manifold. Further, the supervisor of the Bomb Disposal Unit testified that the pipe contained gunpowder residue. Finally, the term "explosive substance" retains its everyday common sense meaning since it is undefined in the Penal Law (*see, People v Cruz*, 34 NY2d 362, 370). Therefore, the jury could logically find that gunpowder was present in the device and that it was an "explosive substance." The evidence being legally sufficient, County Court did not err in denying defendant's motion for a trial order of dismissal.

We next consider defendant's argument that County Court's detailed supplemental instruction regarding constructive possession created a presumption of possession, effectively diminishing the burden of the People, and was unnecessary to appropriately respond to the jury's question (*see*, CPL 310.30). We find no merit to defendant's position. When a jury requests additional instructions or clarification of information previously charged, the court, in the exercise of sound discretion, is obligated to respond in a meaningful fashion (*see, People v Almodovar*, 62 NY2d 126, 131). It is the court's function to interpret the question posed by the jury (*see, People v Ellis*, 183 AD2d 534, 536, *affd* 81 NY2d 854) and to calculate what information is best suited to eliminate the apparent jury confusion (*see*, CPL 310.30). The concept of constructive possession was included in the original charge and defendant did not object at that time. Since the supplemental charge merely elaborated on previously charged material, defendant cannot now claim that his right to a fair trial was infringed. Moreover, the bill of particulars provided by the People indicated an intention to rely on the concept of constructive possession, effectively eliminating any surprise to defendant at trial.

Although defendant demanded *Rosario* material pretrial (*see, People v Rosario*, 9 NY2d 286, *cert denied* 368 US 866; *see also*, CPL 240.45 [1]), it is apparent that the People failed to timely disclose a bomb disposal report and the investigative notes generated as a result of the search of defendant's apartment.

On appeal, defendant asserts that County Court erred by failing to impose appropriate sanctions for these clear violations which prejudiced his right to a fair trial. This case does not involve the complete failure to disclose *Rosario* material mandating reversal (*see*, *People v Ranghelle*, 69 NY2d 56, 63),* but delay in disclosure, which requires reversal only if defendant suffered substantial prejudice as a result (*see*, *People v Martinez*, 71 NY2d 937, 940). The bomb disposal report was disclosed to defendant a full two days prior to the testimony of its preparer so no prejudice to defendant is apparent and defendant identifies none. Defendant had ample time to prepare an effective cross-examination of the witness and the absence of the report did not hinder defendant in obtaining his own bomb expert who testified at trial, presumably after reviewing the report. Similarly, the investigative notes regarding the search of defendant's residence were disclosed, albeit during cross-examination, and defendant was afforded a reasonable opportunity to review the notes and to incorporate them into his cross-examination of the witness. In the absence of substantial prejudice to defendant, a reversal of the conviction is not required.

Where the People fail to provide *Rosario* material and defendant is prejudiced as a result, failure to impose a sanction is an abuse of discretion (*see*, *People v Wallace*, 76 NY2d 953, 955). Determining an appropriate sanction for late disclosure of *Rosario* material is left to the discretion of the trial court, which should focus on the need to eliminate prejudice to the defendant (*see*, *People v La Mountain*, 249 AD2d 584, 585, *lv denied* 92 NY2d 855). Here, given that defendant was afforded time to incorporate the information into an effective effort to impeach the witnesses and the absence of any demonstrable prejudice to defendant or any bad faith on the part of the People, we find no reason to disturb County Court's determination that no sanction was necessary.

Equally unpersuasive is defendant's averment that the destruction of the pipe bomb constituted a *Brady* violation (*see*, *Brady v Maryland*, 373 US 83) and denied him a fair trial. It is well settled that the loss or destruction of evidence prior to trial does not necessarily require dismissal of criminal charges (*see*, *People v Haupt*, 71 NY2d 929, 931; *People v Bay*, 67 NY2d 787, 788-789). The characterization by defendant that the evidence was destroyed is inaccurate. Although the pipe bomb

---

* However, CPL 240.75, effective February 1, 2001, abrogated the "per se" rule established in *Ranghelle* (*see*, *People v Felix-Torres*, 281 AD2d 649, 650-651).

was detonated, which the People aver was necessary for reasons of public safety, the remnants were preserved and offered into evidence at trial. According to several witnesses, including defendant's own expert, the remnants could have been scientifically tested subsequent to the detonation. Further, defendant's claim that the pipe bomb constituted exculpatory evidence is purely speculative since detonation did not destroy the potential for scientific examination and discovery of any potentially exculpatory evidence. Thus, the detonation does not violate the *Brady* rule (*see, People v Briggs*, 81 AD2d 1017).

Defendant's remaining contentions have been carefully examined and found to be without merit. Any claim that defendant was denied a fair trial as a result of the People's reference to acts of domestic violence during summation is not preserved for review because defendant failed to object (*see,* CPL 470.05 [2]; *cf., People v Murphy*, 188 AD2d 742, 744, *lv denied* 81 NY2d 890; *People v Hunt*, 116 AD2d 812, 814). Further, examination of the record does not reveal any factual support for the claim of ineffective assistance of counsel. The record reveals that counsel conducted discovery, made pretrial motions, effectively cross-examined prosecution witnesses, made appropriate objections and motions, effectively participated in the charge conference and formulated and pursued a plan of defense, which included calling an expert witness. In our view, given the evidence, the law and the circumstances of this case, we perceive the representation as being constitutionally meaningful (*see, People v Benevento*, 91 NY2d 708, 712).

Lastly, we turn to defendant's claim that his sentence is harsh and excessive. Upon conviction of this class B violent felony, the permissible sentence is a determinate term of imprisonment ranging from 5 to 25 years (*see,* Penal Law § 70.02 [3] [a]). A sentence within permissible statutory ranges will not be modified absent extraordinary circumstances (*see, People v Williams*, 266 AD2d 647, 648, *lv denied* 94 NY2d 886). Because this is defendant's first felony conviction and because he has received the maximum permissible sentence, we have carefully reviewed the presentence investigations, the sentencing minutes and defendant's arguments to identify the existence of any extraordinary circumstances to justify modification of his sentence in the interest of justice. References by County Court to receipt of the presentence investigation reports and other communications belie defendant's claim that the court overlooked his emotional and psychological problems and his difficult childhood. References in these documents to

defendant's threatening and assaultive behavior, although not accompanied by the use of any weapons, as well as his persistent substance abuse and the apparent serious effect that defendant's criminal conduct has had upon his intended victim and their children, all mitigate against any modification of the sentence.

Mercure, J. P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.