■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. WILLIAMS, JR., Appellant. [844 NYS2d 477]—

Crew III, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered March 31, 2005, upon a verdict convicting defendant of the crimes of murder in the first degree (three counts) and burglary in the first degree.

On July 20, 2002, defendant and his codefendant, Vernon Parker, Jr., unlawfully entered a residence in the City of Binghamton, Broome County, and shot and killed two victims, one of whom was scheduled to testify against Parker in connection with a sexual assault allegedly perpetrated by him. As a consequence, defendant was indicted and charged with four counts of murder in the first degree and one count of burglary in the first degree. Following a lengthy trial, defendant was convicted of three counts of murder in the first degree and burglary in the first degree and was sentenced to life imprisonment without the possibility of parole. Defendant now appeals.

Defendant contends that the convictions were not supported by legally sufficient evidence and were against the weight of the evidence. We disagree. While a great deal of the evidence in this case was circumstantial, there was direct evidence from a Binghamton City police officer who testified concerning an admission by defendant to a fellow prisoner that he overheard while monitoring defendant. Additionally, two fellow inmates testified as to extremely incriminating statements made by defendant to them while in the County Jail. Assuming that the jury credited such testimony, which it obviously did, it provided

overwhelming evidence of defendant's guilt. While defendant apparently considers such testimony so unworthy of belief as to be incredible as a matter of law, we do not agree. Questions of credibility and their resolution are matters wholly within the province of the jury, and we accord such resolution great deference given the jury's opportunity to hear the testimony and observe the demeanor of the witnesses (*see e.g. People v Allen*, 13 AD3d 892, 894 [2004], *lv denied* 4 NY3d 883 [2005]). Here, we cannot conclude that the jury erred in crediting such testimony or failed to give it the weight it should be accorded, and we thus find that the convictions were supported by legally sufficient evidence and were not against the weight of the evidence.

We likewise reject defendant's assertion that his right to a fair trial was compromised by reason of the fact that the jury pool from which the jurors were drawn did not represent a fair cross section of the community. We need note only that CPL 270.10 (2) provides that such a challenge must be in writing setting forth the facts constituting the ground of such challenge, and the absence of such written challenge constitutes a waiver thereof (*see People v Consolazio*, 40 NY2d 446, 455 [1976]). Defendant failed to make such a written motion here, thus providing us no record evidence upon which we might exercise meaningful review. We have examined defendant's remaining contentions and find them equally without merit.

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.