■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NASHAWN PETTWAY, Appellant. [870 NYS2d 648]—

Kavanagh, J. Appeal from a judgment of the County Court of

Ulster County (Bruhn, J.), rendered January 24, 2005, upon a verdict convicting defendant of the crimes of murder in the second degree, assault in the second degree and endangering the welfare of a child.

On September 24, 2003, defendant's nine-week-old son was pronounced dead shortly after being brought to the hospital in an unconscious state with blood running from his nose. A postmortem examination revealed numerous bruises and abrasions, all of recent origin, on the child's face, left elbow, and lips. Also noted was a patterned injury consistent with a bite mark on the child's back and an acute tear of the frenulum.[1] A forensic pathologist testified that during his internal examination of the child, he found that the skull had been fractured and two subdural hematomas were present, the larger of which was located just beneath the fracture to the child's skull. According to the pathologist, the skull fracture caused severe bleeding on the child's brain which, in turn, resulted in the child's death.

Upon being questioned by the police, defendant admitted being responsible for the child's care during the period immediately prior to his death, but adamantly denied intentionally inflicting any of the injuries noted during the autopsy.[2] Later, after providing a series of inconsistent statements as to the injuries that were noted during the external examination of the child, defendant admitted that on two separate occasions within 48 hours of the child's death, he had forcibly "slammed" the child onto the mattress inside the child's crib and had bitten the child on the lower back.

After trial, defendant was convicted of depraved indifference murder in the second degree, assault in the second degree and endangering the welfare of a child, and was sentenced to an aggregate prison term of 25 years to life. On appeal, defendant now contends that his convictions should be reversed because his trial counsel was ineffective, the evidence at trial was legally insufficient to establish that he possessed the requisite mental state to support a conviction for depraved indifference murder, County Court's charge on depraved indifference was legally incorrect and the pool of people from which the jury was ultimately drawn was not representative of his peers. We now affirm.

First, any challenge to the composition of a jury pool must not only be made in writing prior to the commencement of jury

---

**1.** This is a strip of soft tissue that connects the upper jaw to the inner portion of the lip.

**2.** Defendant did state that his wrist watch may have inadvertently pinched the child's back while he was holding him.

selection, but also should set forth, in detail, the facts that constitute the basis for the challenge (*see* CPL 270.10 [2]; *People v Consolazio*, 40 NY2d 446, 455 [1976]). Here, as jury selection was to begin, defense counsel objected to the composition of the jury pool by stating that he did not "see any black people and hispanic [people]" in the panel. The failure to make such a motion in writing constitutes a waiver of one's right to bring such a challenge (*see People v Williams*, 45 AD3d 905, 906 [2007], *lv denied* 10 NY3d 818 [2008]). We also note the total absence of any data in both defendant's challenge to the jury panel and in the record of the proceedings before County Court which could support a conclusion that the process employed in compiling the pool of prospective jurors resulted in "the deliberate exclusion of a particular community group or class of persons from jury service" (*People v Parks*, 41 NY2d 36, 42 [1976]; *Taylor v Louisiana*, 419 US 522, 530 [1975]; *People v Levy*, 52 AD3d 1025, 1028 [2008]; *People v Williams*, 45 AD3d at 906; *People v Gregory ZZ.*, 134 AD2d 814, 815 [1987], *lv denied* 71 NY2d 905 [1988]).

As for defendant's claim that the evidence presented at trial was legally insufficient to establish that he possessed the requisite mental state to support his conviction for depraved indifference murder, defendant failed to raise such a claim at trial and, as a result, failed to preserve that issue for appeal. In that regard, defendant was required to make a specific motion before County Court addressing "the particular claimed legal deficiencies in the evidence" (*People v Orcutt*, 49 AD3d 1082, 1085 [2008], *lv denied* 10 NY3d 938 [2008]). Here, defendant never argued that the evidence was legally insufficient to establish that he had acted with the requisite mental state to be guilty of depraved indifference murder; instead, his motion to dismiss was based entirely upon his contention that he was not responsible for the injuries that caused his son's death. Moreover, defendant did not raise this issue in his motion to set aside the verdict. Simply stated, the claim he makes in this appeal— that he did not act with depraved indifference—was not made at trial and, therefore, is not preserved for appellate review (*see People v Orcutt*, 49 AD3d at 1085; *People v Carter*, 40 AD3d 1310, 1311 [2007], *lv denied* 9 NY3d 873 [2007]; *People v Riddick*, 34 AD3d 923, 925 [2006], *lv denied* 9 NY3d 868 [2007]; *People v Parker*, 29 AD3d 1161, 1162 [2006], *affd* 7 NY3d 907 [2006]) and, under the circumstances presented, we decline to exercise our interest of justice jurisdiction (*see* CPL 470.15).

We also note that defendant failed to take exception to County Court's charge to the jury as to the elements of depraved indif-

ference murder and, therefore, the challenge he now seeks to make in this appeal—that the charge, as given, was legally incorrect—has also not been properly preserved for our review (*see* CPL 470.05 [2]; *People v Jean-Baptiste*, 11 NY3d 539, 544 [2008]; *People v Orcutt*, 49 AD3d at 1085).

Finally, defendant was not deprived of the effective assistance of counsel. While defendant attempts to characterize his counsel's efforts on his behalf as ineffective and incompetent, the record shows that counsel sought to establish that other persons having access to the child may have been responsible for the injuries that caused his death. In that regard, counsel conducted a vigorous cross-examination of many of the prosecution witnesses who testified at trial and presented testimony from a forensic pathologist in an effort to corroborate defendant's contention that he was not responsible for the fatal injuries. Finally, counsel recognized the critical importance to the prosecution of the statements attributed to defendant by the police and, in that regard, made a diligent, albeit, unsuccessful, effort to have them suppressed. On balance, and "viewing the record as a whole we find that defendant was meaningfully represented" (*People v Orcutt*, 49 AD3d at 1087; *see People v Benevento*, 91 NY2d 708, 713 [1998]).

Cardona, P.J., Spain, Rose and Stein, JJ., concur. Ordered that the judgment is affirmed.

