■ The People of the State of New York, Respondent, v Maria Lakatosz, Also Known as Maria Lakatos and Others, Appellant. [933 NYS2d 439]—

Spain, J.

In 2003, defendant was convicted following a jury trial of the crimes of burglary in the second degree (two counts) and petit larceny (two counts). She was sentenced to consecutive 15-year prison terms for each burglary conviction, as well as concurrent one-year sentences on the petit larceny convictions. On appeal, this Court affirmed the convictions but modified the sentence, in the interest of justice, by directing that the 15-year prison terms for the burglary convictions run concurrently to each other (*People v Lakatosz*, 59 AD3d 813 [2009], *lv denied* 12 NY3d 917 [2009]). Subsequently, defendant was identified as a "designated person" within the meaning of Correction Law

§ 601-d (1) because her original determinate sentence did not include a period of postrelease supervision. County Court thereafter resentenced defendant to the sentence as modified by this Court and included three years of postrelease supervision. Defendant now appeals, contending that County Court erred in resentencing her without an updated presentence report and that her resentence was harsh and excessive.

We affirm. "Whether to obtain an updated presentence report is a matter resting within the discretion of the sentencing court" (*People v Hogencamp*, 6 AD3d 877, 878 [2004], *lv denied* 3 NY3d 707 [2004] [citations omitted]; *see People v Kuey*, 83 NY2d 278, 282-283 [1994]; *People v Lard*, 71 AD3d 1464, 1465 [2010], *lv denied* 14 NY3d 889 [2010]). Here, defendant argues that an updated report was necessary since she was not interviewed for the initial report that was prepared in 2003. We note, however, that defendant was not interviewed then because she had absconded and was tried and sentenced in absentia. In light of the fact that defendant absconded and did not participate in either her trial or sentencing, she cannot now complain that the initial presentence report was incomplete due to her lack of participation (*see People v Tejada*, 171 AD2d 585, 586 [1991]). Further, defendant has been continuously incarcerated since shortly after her initial sentencing and was provided an opportunity to address County Court at resentencing and to submit additional information (*see People v Harrington*, 14 AD3d 944, 945 [2005], *lv denied* 4 NY3d 887 [2005]; *People v Thomas*, 283 AD2d 724, 724-725 [2001]; *see also People v Kuey*, 83 NY2d at 282-283). Therefore, we find no abuse of discretion in County Court's denial of defendant's request to order an updated presentence report.

Regarding defendant's contention that her resentence was harsh and excessive, her right to appeal under these circumstances is "limited to the correction of errors or the abuse of discretion at the resentencing proceeding" (*People v Lingle*, 16 NY3d 621, 635 [2011]). A trial court resentencing a defendant solely for the purpose of imposing a required term of postrelease supervision has no authority to consider reducing the incarceration component of the defendant's original sentence and we likewise have no authority to reduce it on appeal in the interest of justice (*see id.*; *People v Myrick*, 84 AD3d 1272, 1272 [2011], *lv denied* 17 NY3d 820 [2011]). Inasmuch as our review of the resentencing proceeding shows no errors or abuse of discretion by County Court, defendant's resentence will not be disturbed.

Mercure, J.P., Lahtinen, Malone Jr. and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.