■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY C. SAPIENZA, Appellant. [935 NYS2d 738]—

McCarthy, J.

Defendant's sole contention is that the resentence is harsh and excessive. Based upon our review of the record, we disagree. Defendant engaged in a series of inappropriate sexual activities with each of the victims, beginning when they were only 13 and 16 years of age, over the course of several months. One such incident involved defendant's use of force to compel one of the victims to perform oral sex. It is clear from the victim impact statements that defendant's actions had a profound and devastating impact upon these young girls. In view of this, and in the absence of any mitigating factors, we cannot conclude that there was an abuse of discretion or any extraordinary circumstances warranting a reduction of the resentence in the interest of justice (*see People v Gregory*, 78 AD3d 1246, 1249 [2010], *lv denied* 16 NY3d 831 [2011]; *People v Brown*, 67 AD3d 1197, 1198-1199 [2009]). Contrary to defendant's claim, the fact that he obtained a longer sentence than the one originally proposed under the plea offer that he rejected does not establish that he was penalized for exercising his right to go to trial (*see generally People v Welch*, 71 AD3d 1329, 1332 [2010], *lv denied* 15 NY3d 811 [2010]).

Peters, J.P., Rose, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.