■ The People of the State of New York, Respondent, v Ronald S. Campbell, Appellant. [939 NYS2d 779]—

Lahtinen, J. Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered April 29, 2011, which resentenced defendant following his conviction of the crimes of sexual abuse in the first degree (two counts) and endangering the welfare of a child (two counts).

The subject appeal stems from a multicount indictment originally charging defendant with various crimes involving his sexual contact with two underage victims. Following a jury trial, defendant was convicted of one count of sexual abuse in the first degree and one count of endangering the welfare of a child for each victim. In June 2003, County Court sentenced defendant to consecutive prison terms of seven years each for the sexual abuse convictions, as well as concurrent one-year terms of incarceration for the misdemeanor convictions (*People v*

*Campbell*, 17 AD3d 925 [2005], *lv denied* 5 NY3d 760 [2005]). Subsequently, it was ascertained that the court failed to impose the statutorily-required period of postrelease supervision for defendant's determinate sentences and, therefore, he was a "designated person" pursuant to Correction Law § 601-d (1) for purposes of resentencing. Defendant was thereafter resentenced to the same prison terms for all of the convictions, as well as two terms of two years of postrelease supervision for the sexual abuse convictions. This appeal ensued.

Initially, defendant contends that County Court lacked jurisdiction to resentence him because the time restrictions set forth in the Correction Law were not met herein. We disagree. Notably, the record confirms that defendant's appearance for resentencing was originally timely scheduled pursuant to Correction Law § 601-d (4) (c). However, as noted by the court, that date had to be moved forward two weeks when the courthouse closed on the original date due to an impending snowstorm. Thus, while it appears that defendant was technically not resentenced within the time frame set forth in the statute, it is nonetheless evident that "New York courts have the inherent authority to correct illegal sentences" (*People v Becker*, 72 AD3d 1290, 1291 [2010], *lv denied* 15 NY3d 747 [2010] [internal quotation marks and citation omitted]). Accordingly, the failure to comply with the applicable time periods does not require reversal herein (*see id.*; *see also People v Savery*, 90 AD3d 1505, 1505 [2011]; *People v Thomas*, 68 AD3d 514, 515 [2009]).

The remaining arguments raised by defendant have been examined and found to be unpersuasive.

Mercure, A.P.J., Spain, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.