■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLON E. JONES, Appellant. [939 NYS2d 777]—

McCarthy, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered April 29, 2011 in Albany County, which resentenced defendant following his conviction of the crimes of criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

Following a jury trial, defendant was convicted of the crimes of criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree (*People v Jones*, 301 AD2d 678 [2003], *lv denied* 99 NY2d 616 [2003]). He was sentenced, as a second felony offender, to concurrent indeterminate sentences for the drug possession counts, as well as a 14-year determinate sentence for the possession of a weapon count. Thereafter, it was ascertained that because Supreme Court failed to impose the statutorily-required period of postrelease supervision for defendant's determinate sentence, he was a "designated person" pursuant to Correction Law § 601-d (1) for purposes of resentencing. Defendant was thereafter resentenced to the same prison terms for all convictions, with the addition of five years of postrelease supervision. Defendant now appeals.

We affirm. According to defendant, the resentencing must be vacated because the time restrictions set forth in the Correction Law were not met herein. Supreme Court attributed the delay to difficulties in acquiring the transcript of the original sentencing minutes due to the court reporter's retirement. While it is undisputed that defendant was not resentenced within the time frame set forth in the statute, it is nonetheless evident that " 'New York courts have the inherent authority to correct illegal sentences' " (*People v Becker*, 72 AD3d 1290, 1291 [2010], *lv denied* 15 NY3d 747 [2010], quoting *People v Williams*, 14 NY3d 198, 217 [2010]). Accordingly, the failure to comply with the applicable time periods does not require reversal herein (*see id.*; *see also People v Savery*, 90 AD3d 1505, 1505 [2011]; *People v Thomas*, 68 AD3d 514, 515 [2009]).

The remaining contentions advanced by defendant have been examined and found to be unpersuasive.

Mercure, A.P.J., Lahtinen, Spain and Stein, JJ., concur. Ordered that the judgment is affirmed.