■ The People of the State of New York, Respondent, v Scott Landmesser, Appellant. [939 NYS2d 776]—

Spain, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered April 4, 2011, which resentenced defendant following his conviction of the crime of sodomy in the first degree.

In 1998, defendant was sentenced as a second felony offender to a prison term of 18 years upon his plea of guilty to the crime of sodomy in the first degree. In 2010, while defendant was still serving his prison term, he was identified as a "designated person" within the meaning of Correction Law § 601-d (1) because his sentence did not include a period of postrelease supervision. Thereafter, County Court resentenced defendant to his original 18-year prison term and imposed a five-year period of postrelease supervision. Defendant now appeals and we affirm.

After a full review of the record, including the transcript of the proceedings held before County Court on April 4, 2011, we reject defendant's contention that the court lacked jurisdiction to resentence him. Inasmuch as defendant was still serving his initial prison term at the time of resentencing, the court had the inherent authority to correct the illegality in the sentence (*see People v Williams*, 14 NY3d 198, 217 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]; *People v Becker*, 72 AD3d 1290, 1291 [2010], *lv denied* 15 NY3d 747 [2010]). Further, under these circumstances, Correction Law § 601-d "does not violate the principles of due process, nor does the imposition of a period of postrelease supervision that is required by law offend fundamental notions of fairness" (*People v Thomas*, 66 AD3d 1244, 1245 [2009], *lv denied* 14 NY3d 806 [2010], *appeal dismissed* 14 NY3d 884 [2010]). Finally, while the statutory time limits were not met here, the inherent authority to correct illegal sentences exists "regardless of the time limits set forth in Correction Law § 601-d (4) (c) or (d)" (*People v Becker*, 72 AD3d at 1291; *see People v Thomas*, 68 AD3d 514, 515 [2009]).

Mercure, A.P.J., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.