■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM E. WARD, JR., Appellant. [948 NYS2d 153]—

McCarthy, J. Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered February 28, 2011, which resentenced defendant following his conviction of the crime of criminal possession of a weapon in the first degree.

In June 1999, defendant was sentenced to a prison term of 25 years after a jury convicted him of criminal possession of a weapon in the first degree (*People v Ward*, 282 AD2d 819 [2001], *lv denied* 96 NY2d 942 [2001]). At that time, County Court (Estes, J.) failed to include statutorily required postrelease supervision (hereinafter PRS), and thus defendant was later determined to be a "designated person" under Correction Law § 601-d (1), which was enacted in 2008 (*see* L 2008, ch 141). By letter dated December 31, 2010, the Department of Corrections and Community Supervision notified County Court regarding defendant's status (*see* Correction Law § 601-d [2]). On February 28, 2011, County Court (Becker, J.) resentenced defendant to 25 years in prison, followed by five years of PRS. Defendant appeals.

Defendant argues, on procedural and substantive grounds, that his PRS should be reduced to zero or his sentence otherwise reduced. Although County Court did not strictly adhere to the statutory time periods in Correction Law § 601-d (4), "New York courts have the inherent authority to correct illegal sentences" and "the failure to comply with the applicable time periods does not require reversal" (*People v Jones*, 93 AD3d 999, 1000 [2012] [internal quotation marks and citations omitted]; *see People v Landmesser*, 93 AD3d 999, 999 [2012], *lv denied* 19 NY3d 864 [2012]). Any error in not holding a separate initial appearance (*see* Correction Law § 601-d [4] [a]) before the resentencing date (*see* Correction Law § 601-d [4] [c], [d]) was waived when defendant consented to proceed with resentencing. Similarly, while a different attorney represented

defendant at resentencing than had been initially appointed by County Court (see Correction Law § 601-d [4] [a]), defendant did not object to proceeding with the new attorney. Although defendant had "a stack of documents" to support his argument for the minimum period of PRS, the court granted newly-appointed counsel a recess to confer with defendant and review those documents. Further, the record does not reveal that defendant's attorney, who advocated for a minimum period of PRS based upon defendant's good prison record, failed to render meaningful representation so as to deprive defendant of the effective assistance of counsel at the resentencing proceeding (see generally People v Henry, 95 NY2d 563, 565 [2000]).*

Defendant argues that this Court should reduce the incarceration portion of his sentence to offset the addition of PRS such that the sum of the periods of incarceration and PRS after resentencing do not exceed the length of the originally imposed period of incarceration; such relief is unavailable in this type of resentencing (see People v Lingle, 16 NY3d 621, 634-635 [2011]; People v Lakatosz, 89 AD3d 1329, 1330 [2011], lv denied 18 NY3d 925 [2012]).

County Court exercised independent judgment in resentencing defendant. Although a different judge presided over the resentencing, he referred to the transcript of the original sentencing and relied on the comments by the judge who had presided over the trial. Noting the original imposition of the maximum prison term, the judge at resentencing similarly imposed the maximum period of PRS (cf. People v Serrano, 309 AD2d 822, 823 [2003], lv denied 1 NY3d 580 [2003]). The judge made a statement indicating that he felt compelled to impose the sentence that the original judge would have given, but other comments at resentencing indicate that the resentencing judge independently found the maximum period of PRS appropriate (compare People v Farrar, 52 NY2d 302, 307-308 [1981]). The judge stated that defendant was convicted of "a very, very serious criminal offense in connection with an incident which involved the placement of a pipe bomb" that defendant constructed with the intention of placing it on his estranged girlfriend's automobile so that it would explode and kill both her and her new paramour (see People v Ward, 282 AD2d 819, 819 [2001], lv denied 96 NY2d 942 [2001]). The judge also said that imposition of the maximum period of PRS was "a slam

---

* While the dissent states that counsel was not acquainted with the law regarding resentencing to add PRS, the question counsel asked on the record may simply represent counsel seeking clarification based on the People's statement of the law, rather than a lack of knowledge regarding the law.

dunk given what transpired, the trial, conviction, [and imposition of] the maximum sentence." Thus, the trial judge's presumed intent was only one factor that the resentencing judge considered in the sound exercise of his sentencing discretion. Despite defendant's statement to the court and references to other information that could support a lesser period of PRS, the court relied on proper factors and exercised its independent discretion in imposing the maximum available period of PRS (*see People v Sapienza*, 91 AD3d 988, 989 [2012]; *see also People v Lerario*, 50 AD3d 1396, 1396-1397 [2008], *lv denied* 10 NY3d 961 [2008]).

Defendant's remaining arguments have been reviewed and found unavailing.

Peters, P.J. and Kavanagh, J., concur.

Lahtinen, J. (dissenting). Respectfully we dissent. Although latitude is provided from rigid compliance with the procedures set forth in Correction Law § 601-d (*see People v Campbell*, 93 AD3d 996, 997 [2012], *lv denied* 19 NY3d 862 [2012]; *People v Becker*, 72 AD3d 1290, 1291 [2010], *lv denied* 15 NY3d 747 [2010]), the record in this case reveals—in addition to statutory time frames that were not met—significant concerns as to whether defendant's counsel had sufficient time to effectively prepare and, also, whether County Court (Becker, J.) failed to exercise its independent discretion in resentencing defendant.

The procedures set forth in Correction Law § 601-d (4) provide for appointment of counsel ahead of the initial court appearance and the subsequent resentencing proceeding. Here, the initial appearance never occurred and, instead, County Court advanced directly to resentencing. Less than 1 1/2 hours before the resentencing proceeding, the attorney who represented defendant was appointed. Counsel noted at the time of his appointment that defendant had "a stack of documents" and, at the proceeding shortly thereafter, counsel "apologize[d] for not being conversant with the file." Counsel was not only admittedly unfamiliar with the pertinent facts, but the record also reflects that counsel had not had an opportunity to become acquainted with the governing law regarding resentencing for purposes of postrelease supervision (hereinafter PRS) (*see* Correction Law § 601-d; *see also* Penal Law § 70.85).

The resentencing was decided by a different judge than the one who had imposed the original sentence in 1999 and, significantly, at resentencing the judge stated: "The issue for me is really pretty simple. I have to stand in the place of the judge who presided over your trial and who formulated the original sentence and do now what I think he would have done

then." However, it is settled law that a court must exercise its independent discretion at sentencing (*see e.g. People v Farrar,* 52 NY2d 302, 308 [1981]; *People v Terry,* 152 AD2d 822, 823 [1989]). It appears that County Court restricted itself to pondering what its predecessor would have done rather than exercising its independent discretion.

Further troubling is that this resentencing was not—as characterized by County Court—a "slam dunk." While the record is poorly developed (not surprisingly under the circumstance of last minute appointment of counsel), it appears that defendant had compiled an excellent institutional record during the 12 years he had already served in prison. He had numerous supporting documents, including an apparently favorable letter written by the District Attorney of Delaware County in response to a clemency request. Interestingly, at resentencing, the People simply set forth the available range of PRS, but took no position regarding the length that should be imposed. Although the details are not developed, it also is apparent that significant information had been learned about events involving defendant's children that might have been relevant for sentencing purposes. In these circumstances, we would reverse and vacate the sentence pertaining to PRS and remit for resentencing in a manner that is consistent with the statutory procedures of Correction Law § 601-d.

Spain, J., concurs. Ordered that the judgment is affirmed.