McCarthy, J.
Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered February 28, 2011, which resentenced defendant following his conviction of the crime of criminal possession of a weapon in the first degree.
In June 1999, defendant was sentenced to a prison term of 25 years after a jury convicted him of criminal possession of a weapon in the first degree (People v Ward, 282 AD2d 819 [2001], lv denied 96 NY2d 942 [2001]). At that time, County Court (Estes, J.) failed to include statutorily required postrelease supervision (hereinafter PRS), and thus defendant was later determined to be a “designated person” under Correction Law § 601-d (1), which was enacted in 2008 (see L 2008, ch 141). By letter dated December 31, 2010, the Department of Corrections and Community Supervision notified County Court regarding defendant’s status (see Correction Law § 601-d [2]). On February 28, 2011, County Court (Becker, J.) resentenced defendant to 25 years in prison, followed by five years of PRS. Defendant appeals.
Defendant argues, on procedural and substantive grounds, that his PRS should be reduced to zero or his sentence otherwise reduced. Although County Court did not strictly adhere to the statutory time periods in Correction Law § 601-d (4), “New York courts have the inherent authority to correct illegal sentences” and “the failure to comply with the applicable time periods does not require reversal” (People v Jones, 93 AD3d 999, 1000 [2012] [internal quotation marks and citations omitted]; see People v Landmesser, 93 AD3d 999, 999 [2012], lv denied 19 NY3d 864 [2012]). Any error in not holding a separate initial appearance (see Correction Law § 601-d [4] [a]) before the resentencing date (see Correction Law § 601-d [4] [c], [d]) was waived when defendant consented to proceed with resentencing. Similarly, while a different attorney represented *1297 defendant at resentencing than had been initially appointed by County Court (see Correction Law § 601-d [4] [a]), defendant did not object to proceeding with the new attorney. Although defendant had “a stack of documents” to support his argument for the minimum period of PRS, the court granted newly-appointed counsel a recess to confer with defendant and review those documents. Further, the record does not reveal that defendant’s attorney, who advocated for a minimum period of PRS based upon defendant’s good prison record, failed to render meaningful representation so as to deprive defendant of the effective assistance of counsel at the resentencing proceeding (see generally People v Henry, 95 NY2d 563, 565 [2000]).*
Defendant argues that this Court should reduce the incarceration portion of his sentence to offset the addition of PRS such that the sum of the periods of incarceration and PRS after resentencing do not exceed the length of the originally imposed period of incarceration; such relief is unavailable in this type of resentencing (see People v Lingle, 16 NY3d 621, 634-635 [2011]; People v Lakatosz, 89 AD3d 1329, 1330 [2011], lv denied 18 NY3d 925 [2012]).
County Court exercised independent judgment in resentencing defendant. Although a different judge presided over the resentencing, he referred to the transcript of the original sentencing and relied on the comments by the judge who had presided over the trial. Noting the original imposition of the maximum prison term, the judge at resentencing similarly imposed the maximum period of PRS (cf. People v Serrano, 309 AD2d 822, 823 [2003], lv denied 1 NY3d 580 [2003]). The judge made a statement indicating that he felt compelled to impose the sentence that the original judge would have given, but other comments at resentencing indicate that the resentencing judge independently found the maximum period of PRS appropriate (compare People v Farrar, 52 NY2d 302, 307-308 [1981]). The judge stated that defendant was convicted of “a very, very serious criminal offense in connection with an incident which involved the placement of a pipe bomb” that defendant constructed with the intention of placing it on his estranged girlfriend’s automobile so that it would explode and kill both her and her new paramour (see People v Ward, 282 AD2d 819, 819 [2001], lv denied 96 NY2d 942 [2001]). The judge also said that imposition of the maximum period of PRS was “a slam *1298 dunk given what transpired, the trial, conviction, [and imposition of] the maximum sentence.” Thus, the trial judge’s presumed intent was only one factor that the resentencing judge considered in the sound exercise of his sentencing discretion. Despite defendant’s statement to the court and references to other information that could support a lesser period of PRS, the court relied on proper factors and exercised its independent discretion in imposing the maximum available period of PRS (see People v Sapienza, 91 AD3d 988, 989 [2012]; see also People v Lerario, 50 AD3d 1396, 1396-1397 [2008], lv denied 10 NY3d 961 [2008]).
Defendant’s remaining arguments have been reviewed and found unavailing.
Peters, P.J. and Kavanagh, J., concur.

 While the dissent states that counsel was not acquainted with the law regarding resentencing to add PRS, the question counsel asked on the record may simply represent counsel seeking clarification based on the People’s statement of the law, rather than a lack of knowledge regarding the law.