■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM M. WALKER, Appellant. [953 NYS2d 724]—

Kavanagh, J. Appeal from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered June 10, 2011, which resentenced defendant following his conviction of the crimes of burglary in the second degree, grand larceny in the fourth degree, criminal mischief in the fourth degree and petit larceny.

In 2002, defendant was convicted following a jury trial of burglary in the second degree, grand larceny in the fourth degree, criminal mischief in the fourth degree and petit larceny. He was sentenced as a second felony offender to 14 years in prison on the burglary conviction and to concurrent lesser terms of incarceration on the other convictions. In April 2011, the Department of Corrections and Community Supervision advised County Court that a mandatory period of postrelease supervision had not been imposed at the time that defendant was sentenced and that he was a "designated person" under Correction Law § 601-d for purposes of resentencing. Following a June 2011 resentencing hearing, County Court resentenced defend-

ant to the original term of imprisonment, to be followed by five years of postrelease supervision. Defendant now appeals.

Defendant contends that County Court was without jurisdiction to resentence him because it failed to comply with the time requirements set forth in Correction Law § 601-d (4). The Court of Appeals, however, has ruled that such defects are not jurisdictional in nature and do not deprive a court of the authority to correct an illegal sentence and resentence a defendant to a term of incarceration that includes a period of postrelease supervision (*People v Velez*, 19 NY3d 642, 647-648 [2012]). This Court's decisions are consistent, upholding a court's inherent authority to correct an illegal sentence notwithstanding the failure to comply with the time limits set forth in Correction Law § 601-d (4) (c) or (d) (*see People v Campbell*, 93 AD3d 996, 997 [2012], *lv denied* 19 NY3d 862 [2012]; *People v Landmesser*, 93 AD3d 999 [2012], *lv denied* 19 NY3d 864 [2012]; *People v Jones*, 93 AD3d 999, 1000 [2012], *lv denied* 19 NY3d 962 [2012]; *People v Becker*, 72 AD3d 1290, 1291 [2010], *lv denied* 15 NY3d 747 [2010]). As we find no reason to depart from the foregoing precedent, County Court's judgment must be affirmed.

Mercure, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.