McCarthy, J.
Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered June 8, 2011, which resentenced defendant following his conviction of the crimes of sodomy in the first degree and endangering the welfare of a child.
In 2001, defendant was convicted following a jury trial of sodomy in the first degree and endangering the welfare of a child. County Court sentenced defendant to concurrent terms of one year in jail for endangering the welfare of a child and 18 years in prison for sodomy. Upon appeal, this Court affirmed defendant’s conviction, as well as the denial of defendant’s CPL 440.10 motion (12 AD3d 845 [2004], lv denied 4 NY3d 769 [2005]). In 2011, defendant appeared before County Court for resentencing pursuant to Correction Law § 601-d after it was discovered that the court failed to include a mandatory term of postrelease supervision. The court resentenced defendant to the original term of imprisonment, to be followed by five years of postrelease supervision. Defendant now appeals.
Defendant argues that he was denied due process in connection with the resentencing due to County Court’s failure to strictly adhere to the procedures set forth in Correction Law § 601-d. However, such failures do not deprive the sentencing court of its inherent authority to correct an illegal sentence (see People v Velez, 19 NY3d 642, 647-648 [2012]; People v Walker, 100 AD3d 1149, 1150 [2012]; People v Landmesser, 93 AD3d 999, 999 [2012], lvs denied 19 NY3d 864, 1103 [2012]). Contrary to defendant’s argument that County Court should have reduced his term of incarceration, at resentencing the court was limited *929 to correcting the error related to postrelease supervision and had no “discretion to reconsider the incarceratory component” of the sentence (People v Lingle, 16 NY3d 621, 635 [2011]).
Nevertheless, defendant is entitled to a reversal because County Court apparently operated under the mistaken impression that it had no discretion in resentencing. The court stated that it was “imposing the five years post release supervision which is required by law.” Pursuant to the version of the sentencing statute in effect at the time of defendant’s conviction, the court was required to impose a period of postrelease supervision that “shall be five years” (Penal Law § 70.45 [former (2)]). Despite this mandatory language, however, the statute included exceptions. As relevant here, the statute provided that when a determinate sentence was imposed pursuant to Penal Law § 70.02, “the court, at the time of sentence, may specify a shorter period of post-release supervision of not less than two and one-half years upon a conviction for a class B . . . violent felony offense” (Penal Law § 70.45 [former (2)]). Defendant was sentenced on a class B violent felony offense (see Penal Law § 70.02 [former (1) (a)]). Thus, the court had discretion to impose a period of postrelease supervision from anywhere between 2V2 and 5 years. Because the court incorrectly indicated that it had no discretion in resentencing, we reverse and remit for a new resentencing.
Rose, J.P, Spain and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, sentence vacated, and matter remitted to the County Court of Broome County for resentencing.