Garry, J.
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered November 23, 2010, which resentenced defendant following his conviction of the crimes of assault in the first degree and assault in the second degree (two counts).
In 2001, defendant was convicted following a jury trial of the crimes of assault in the first degree, assault in the second degree (two counts), reckless endangerment in the first degree, endangering the welfare of a child and criminal possession of a weapon and thereafter sentenced to concurrent prison terms aggregating 25 years. Subsequently, the People moved for resentencing due to County Court’s failure to include a mandatory term of postrelease supervision in connection with the determinate prison terms imposed upon defendant’s convictions of assault in the first degree and assault in the second degree (two counts). Following several hearings, the court resentenced defendant to the original prison terms followed by terms of postrelease supervision of five years in connection with the assault in the first degree sentence and three years in connection *1280 with the assault in the second degree sentences. Defendant appeals.
The sentencing statute in effect at the time of defendant’s conviction authorized the sentencing court to impose a period of postrelease supervision of between 2V2 and 5 years upon defendant’s determinate sentence for the class B violent felony offense of assault in the first degree, and a period of postrelease supervision of between IV2 and 3 years upon defendant’s determinate sentence for the class D violent felony offense of assault in the second degree (see Penal Law § 70.45 [former (2)]). As the record reveals that County Court was not aware of its ability to exercise its discretion to impose such lesser periods of post-release supervision, we reverse and remit for a new resentencing (see People v Whitmore, 103 AD3d 928, 929 [2013]; People v Henry, 78 AD3d 861, 862 [2010]).
Peters, PJ., Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, resentence vacated, and matter remitted to the County Court of Sullivan County for resentencing.