Rose, J.
Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered August 8, 2011, which resentenced defendant following his conviction of the crime of burglary in the first degree.
In 2005, defendant was convicted of three counts of murder in the first degree and one count of burglary in the first degree and was thereafter sentenced to life imprisonment without the possibility of parole with respect to the murder convictions and 25 years in prison for the burglary conviction, all to be served concurrently (45 AD3d 905 [2007], lv denied 10 NY3d 818 [2008]). At that time, County Court failed to include statutorily required postrelease supervision with respect to the burglary in the first degree conviction. Accordingly, in 2011, the court resentenced defendant to 25 years in prison on this conviction, followed by five years of postrelease supervision. Defendant now appeals.
We affirm. “Whether to obtain an updated presentence report is a matter resting within the discretion of the sentencing court” (People v Lakatosz, 89 AD3d 1329, 1330 [2011], lv denied 18 NY3d 925 [2012] [internal quotation marks and citation omitted]; see People v Kuey, 83 NY2d 278, 282-283 [1994]). Here, defendant has been continuously incarcerated since the original sentence and was afforded an opportunity to address County Court at resentencing. Moreover, County Court presided over defendant’s trial and noted during the resentencing proceedings that it imposed the underlying sentence herein. Under these circumstances, we find no basis to conclude that the court abused its discretion regarding this issue (see People v Lakatosz, 89 AD3d at 1330). Nor do we find any merit to defendant’s claim that he was denied the effective assistance of counsel due to counsel’s failure to request an updated sentencing report (see People v Porter, 95 AD3d 1450, 1451 [2012], lv denied 19 NY3d 1000 [2012]).
McCarthy, J.E, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.