(February 11, 2015)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRETT L. ELLIOTT, Appellant. [999 NYS2d 772]—

Clark, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered February 9, 2011, which resentenced defendant following his conviction of the crimes of robbery in the second degree and assault in the third degree.

Defendant was convicted in 2006, following a trial, of robbery in the second degree and assault in the third degree and sentenced to an aggregate prison term of 10 years. Upon appeal, this Court affirmed (57 AD3d 1095 [2008], lv denied 12 NY3d 783 [2009]). In 2011, the sentencing court was notified by the Department of Corrections and Community Supervision that the required period of postrelease supervision had not been imposed. County Court then resentenced defendant, imposing a period of five years of postrelease supervision in addition to defendant's original sentence of imprisonment. Defendant now appeals.

We affirm. There is no support in the record for defendant's assertion that County Court was unaware that it had the discretion to impose a lesser term of postrelease supervision than five years (cf. People v Fuentes, 106 AD3d 1279, 1280 [2013]; People v Whitmore, 103 AD3d 928, 929 [2013]). Moreover, "[g]iven the nature of the[ ] crimes and defendant's extensive criminal history, spanning over 25 years," as well as his "squandered opportunities to address his alcohol problem," which fueled these crimes, we reject again his request to reduce his sentence in the interest of justice (57 AD3d at 1097-1098).

Defendant's remaining argument has been considered and found to be lacking in merit.

McCarthy, J.P., Lynch and Devine, JJ., concur. Ordered that the judgment is affirmed.