■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WHITMORE, Appellant. [3 NYS3d 189]—

Rose, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 7, 2013, which resentenced defendant following his conviction of the crimes of sodomy in the first degree and endangering the welfare of a child.

In 2001, defendant was convicted after a jury trial of sodomy in the first degree and endangering the welfare of a child and an 18-year aggregate prison term was imposed, which was affirmed on appeal, as was the denial of his CPL article 440 motion (12 AD3d 845 [2004], *lvs denied* 4 NY3d 769, 892 [2005]). Defendant was subsequently identified as a "designated person" (Correction Law § 601-d [1]) because a mandatory period of postrelease supervision (hereinafter PRS) was not imposed as part of his determinate sentence (*see* Penal Law § 70.45 [former (2)]). County Court resentenced defendant in 2011 pursuant to Correction Law § 601-d to an aggregate prison

---

term of 18 years with five years of PRS, which we reversed because the court appeared to have operated under the mistaken impression that it had no discretion in setting the duration of PRS (103 AD3d 928, 929 [2013]). Upon remittal, the court held a hearing and thereafter again imposed an aggregate 18-year prison term with five years of PRS, from which defendant now appeals.

We affirm. Initially, defendant contends that County Court failed to follow the procedures in Correction Law § 601-d. Defendant did not preserve this claim for our review by raising a timely objection (*see* CPL 470.05 [2]; *People v Woods*, 122 AD3d 1400, 1401 [2014]), and he waived the argument by proceeding with resentencing (*see People v Ward*, 96 AD3d 1296, 1296-1297 [2012]). In any event, "such failures do not deprive the sentencing court of its inherent authority to correct an illegal sentence" (103 AD3d at 928; *see People v Velez*, 19 NY3d 642, 647-648 [2012]). Moreover, at the initial appearance, the court, which had presided over defendant's trial and imposed the original sentence, provided defense counsel with the original presentence report and granted an adjournment of several weeks to enable counsel to confer with defendant and prepare for resentencing. Counsel submitted extensive materials in advance of resentencing to update the court regarding defendant's family support and favorable performance during his continuous incarceration since the original sentence, which the court stated it had read. Defendant was also provided with an opportunity to address the court at sentencing. Under these circumstances, the court was aware of defendant's intervening history, and we find no abuse of discretion in its determination not to order an updated presentence report (*see People v Kuey*, 83 NY2d 278, 282-283 [1994]; *People v Williams*, 114 AD3d 993, 994 [2014], *lv denied* 23 NY3d 969 [2014]).

Further, the record does not support defendant's claim that counsel, who advocated in favor of the minimum period of PRS based upon defendant's positive record while in prison and encouraged the court to order an updated presentence report, failed to provide meaningful representation (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Williams*, 114 AD3d at 994; *People v Ward*, 96 AD3d at 1297). Finally, given the abhorrent nature of defendant's conduct perpetrated against a five-year-old child with whom he resided, we are not persuaded by his claim that County Court's imposition of the maximum five-year period of PRS was harsh and excessive, notwithstanding his positive performance while incarcerated and lack of prior criminal convictions (*see People v Foulkes*, 117 AD3d 1176,

1177-1178 [2014], *lv denied* 24 NY3d 1084 [2014]; *People v Taft*, 115 AD3d 1095 [2014]).

Lahtinen, J.P., Garry and Devine, JJ., concur. Ordered that the judgment is affirmed.