# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**826**

**KA 11-01823**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

STANLEY L. HOWARD, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

WILLIAMS, HEINL, MOODY & BUSCHMAN, P.C., AUBURN (RYAN JAMES MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Cayuga County Court (Thomas G. Leone, J.), rendered June 30, 2011. Defendant was resentenced upon his conviction of robbery in the first degree (three counts), criminal possession of a weapon in the second degree and criminal possession of stolen property in the fifth degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted following a jury trial of three counts of robbery in the first degree (Penal Law § 160.15 [2] - [4]), and one count each of criminal possession of a weapon in the second degree (§ 265.03 [former (2)]), and criminal possession of stolen property in the fifth degree (§ 165.40), and he appeals from a resentence with respect to those convictions. County Court (Corning, J.) originally sentenced defendant as a second felony offender to determinate concurrent terms of imprisonment, the longest of which was 15 years, but failed to impose periods of postrelease supervision (PRS) for the determinate terms as required by Penal Law § 70.45 (1). To remedy that error (*see* Correction Law § 601-d), County Court (Leone, J.) later resentenced defendant to the same terms of imprisonment with corresponding periods of PRS.

Because defendant was still serving his original sentence at the time he was resentenced, we reject his contention that the resentence violated his rights under the Double Jeopardy Clause of the Fifth Amendment (*see People v Lingle*, 16 NY3d 621, 630-631; *People v Nunes*, 89 AD3d 1559, 1560, *lv denied* 18 NY3d 885; *cf. People v Williams*, 14 NY3d 198, 217-220, *cert denied* ___ US ___, 131 S Ct 125; *People v Kelly*, ___ AD3d ___ [June 29, 2012]). We likewise reject defendant's contention that there was a violation of CPL 380.30 based on the delay

between his original sentencing and his resentencing that deprived County Court (Leone, J.) of its jurisdiction to resentence him. Where, as here, the "defendant[] w[as] resentenced within a reasonable time after [the Department of Correctional Services] notified the court[] that" he qualified as a " 'designated person[]' under Correction Law § 601-d," there is no violation of CPL 380.30 (*Williams*, 14 NY3d at 213).

Although defendant's further contention that the court failed to resentence him within the time limits set forth in Correction Law § 601-d (4) (a) and (c) is factually correct, it is well settled that such failures do not provide a basis for reversal (*see People v Savery*, 90 AD3d 1505, 1505, *lv denied* 18 NY3d 928; *People v Becker*, 72 AD3d 1290, 1291, *lv denied* 15 NY3d 747; *People v Thomas*, 68 AD3d 514, 515). Finally, we reject defendant's contention that the resentence imposed, with the addition of terms of PRS, constituted cruel and unusual punishment. The court was statutorily mandated to impose five-year terms of PRS as to defendant's convictions of robbery and criminal possession of a weapon (*see* Penal Law § 70.06 [former (6)]; § 70.45 [former (1)], [former (2)]), and it cannot be said that those terms were " 'grossly disproportionate to the crime[s]' " (*People v Holmquist*, 5 AD3d 1041, 1042, *lv denied* 2 NY3d 800; *see People v Wright*, 85 AD3d 1642, 1644, *lv denied* 17 NY3d 863). We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  June 29, 2012                    Frances E. Cafarell
                                           Clerk of the Court