# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**882**

**KA 11-01496**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

PETER J. MEHMEL, DEFENDANT-APPELLANT.

---

WAGNER & HART, LLP, OLEAN (JANINE C. FODOR OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (KELLY M. BALCOM OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a resentence of the Cattaraugus County Court (Larry M. Himelein, J.), rendered May 31, 2011. Defendant was resentenced upon his conviction of robbery in the second degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted upon his plea of guilty of robbery in the second degree (Penal Law § 160.10 [2] [b]), and he appeals from a resentence imposing a period of postrelease supervision in addition to the determinate term of incarceration originally imposed. The record establishes that, although County Court had advised defendant at the time of the plea that the sentence would include a five-year period of postrelease supervision, the court neglected to impose the period of postrelease supervision at the time of sentencing. As defendant correctly concedes, there is no double jeopardy violation with respect to the resentence because he is still serving the sentence originally imposed (*see People v Lingle*, 16 NY3d 621, 630-631; *cf. People v Williams*, 14 NY3d 198, 217-220, *cert denied* ___ US ___, 131 S Ct 125). Defendant contends that the five-year period of postrelease supervision was illegal because there was an unreasonable delay between the date of the original sentence and that of the resentence, in violation of CPL 380.30 (1) (*see Williams*, 14 NY3d at 213). We conclude, however, that in resentencing defendant the court simply corrected the error it made at the time of the original sentence and thus that the resentence was proper (*see People v Sparber*, 10 NY3d 457, 469; *see generally People v Howard*, 96 AD3d 1691, 1692).

Entered: September 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court