# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

125

KA 11-01056

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

HARRY N. FOMBY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KAREN C. RUSSO-MCLAUGHLIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered March 28, 2011. Defendant was resentenced upon his conviction of robbery in the second degree (two counts).

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted following a jury trial of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [b]), and he appeals from a resentence with respect to those convictions. Supreme Court (Tills, A.J.) originally sentenced defendant to concurrent determinate 15-year terms of imprisonment, but failed to impose periods of postrelease supervision (PRS) as required by Penal Law § 70.45 (1). To remedy that error (*see* Correction Law § 601-d), Supreme Court (Wolfgang, J.) later resentenced defendant to the same terms of imprisonment with corresponding periods of PRS prior to the completion of the originally-imposed sentence. Contrary to defendant's contention, the resentence did not violate his due process rights (*see People v Lingle*, 16 NY3d 621, 630-631). Furthermore, we conclude that "in resentencing defendant the court simply corrected the error . . . made at the time of the original sentence and thus that the resentence was proper" (*People v Mehmel*, 98 AD3d 1256, 1256; *see People v Sparber*, 10 NY3d 457, 472; *see generally People v Howard*, 96 AD3d 1691, 1692, *lv denied* 19 NY3d 1103). The imposition of the terms of PRS does not render the sentence unduly harsh or severe.

Entered:  February 1, 2013                          Frances E. Cafarell
                                                    Clerk of the Court