■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL D. LANGENBACH, Appellant. [966 NYS2d 252]—

Appeal from a judgment of the County Court of Rensselaer County (Ceresia, J.), rendered September 6, 2011, which resentenced defendant following his conviction of the crimes of attempted murder in the second degree and criminal possession of a weapon in the third degree.

Following a jury trial in January 2002, defendant was convicted of attempted murder in the second degree and criminal possession of a weapon in the third degree and sentenced to concurrent prison terms of 25 years on the attempted murder conviction and 2 1/3 to 7 years on the criminal possession conviction. The sentencing court, however, neglected to include the statutorily required period of postrelease supervision on the attempted murder conviction. In June 2011, the Department of Corrections and Community Supervision notified County Court that defendant was a "designated person" under Correction Law § 601-d (1) (see Correction Law § 601-d [2]) and requested that he be resentenced. In September 2011, County Court resentenced defendant nunc pro tunc on the attempted murder conviction to the original term of imprisonment, to be followed by five years of postrelease supervision. Defendant now appeals.

Defendant contends that given County Court's error in failing to impose the required period of postrelease supervision at the time of the original sentencing, the substantial delay between the original sentencing and the resentencing and County Court's failure to comply with the procedural requirements of Correction Law § 601-d (4) in a timely manner, the resentence must be vacated and the underlying charge dismissed. We disagree. The Court of Appeals has held that the failure to comply with the time requirements set forth in Correction Law § 601-d (4) does not constitute a jurisdictional defect depriving the court of the authority to correct an illegal sentence and to resentence a defendant to a term that includes a period of postrelease supervision (see People v Velez, 19 NY3d 642, 647-649 [2012]; People v Walker, 100 AD3d 1149, 1150 [2012], lv denied 20 NY3d 1066 [2013]). Accordingly, the fact that the statutory time requirements were not strictly followed here does not mandate invalidation of the resentencing. Moreover, while there was a 9 1/2-year delay between the original sentence and the resentencing, defendant is not entitled to have the resentence vacated pursuant to CPL 380.30 (1). Assuming, without deciding, that CPL 380.30 applies to resentencing matters, the resentence was imposed

within a reasonable period of time after the Department of Corrections and Community Supervision notified the court that defendant was a designated person under Correction Law § 601-d (*see People v Williams*, 14 NY3d 198, 213 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]; *People v Howard*, 96 AD3d 1691, 1692 [2012], *lv denied* 19 NY3d 1103 [2012]). Therefore, the judgment must be affirmed.

Stein, J.P., Spain, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.