■ The People of the State of New York, Respondent, v David L. Perkins, Appellant. [967 NYS2d 230]—

Egan Jr., J. Appeal from a judgment of the County Court of Rensselaer County (Ceresia, J.), rendered October 11, 2011, which resentenced defendant following his conviction of the crimes of rape in the first degree, rape in the third degree (three counts), sodomy in the third degree, sexual abuse in the first degree, sexual misconduct (two counts), unlawfully dealing with

---

a child in the first degree (six counts) and endangering the welfare of a child (three counts).

Following a 2003 jury trial, defendant was convicted of multiple crimes, including—insofar as is relevant here—rape in the first degree and sexual abuse in the first degree and, in this regard, was sentenced to consecutive prison terms of 25 years on the rape conviction and seven years on the sexual abuse conviction. In July 2011, the sentencing court was advised by the Department of Corrections and Community Supervision that defendant had not been sentenced to the mandatory period of postrelease supervision for such crimes and, further, that he was a "designated person" subject to resentencing under Correction Law § 601-d. A resentencing hearing was held in October 2011, at which time County Court resentenced defendant to the original terms of imprisonment followed by five years of postrelease supervision with respect to the rape conviction and three years of postrelease supervision as to the sexual abuse conviction.* This appeal ensued.

We affirm. Defendant, as so limited by his brief, contends that the resentencing procedure was untimely within the meaning of Correction Law § 601-d (4) and/or CPL 380.30. Both this Court and the Court of Appeals have made clear, however, that the failure to comply with the time limits set forth in Correction Law § 601-d (4) does not require reversal (*see People v Velez*, 19 NY3d 642, 647-649 [2012]; *People v Walker*, 100 AD3d 1149, 1150 [2012], *lv denied* 20 NY3d 1066 [2013]; *People v Campbell*, 93 AD3d 996, 997 [2012], *lv denied* 19 NY3d 862 [2012]). Further, even assuming that the time limits set forth in CPL 380.30 apply to resentencing matters (*see People v Williams*, 14 NY3d 198, 213 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]), the relevant time period here is not—as defendant contends—the approximately 8½ years that elapsed between his original sentencing date and his subsequent resentencing but, rather, the roughly 10 weeks that elapsed between defendant being deemed a designated person within the meaning of Correction Law § 601-d and the resulting resentencing hearing (*see People v Williams*, 14 NY3d at 213). As such delay was not unreasonable, we discern no violation of CPL 380.30 (*see People v Mehmel*, 98 AD3d 1256, 1256 [2012]; *People v Howard*, 96 AD3d 1691, 1692 [2012], *lv denied* 19 NY3d 1103 [2012]).

Lahtinen, J.P., Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.

---

* The periods of postrelease supervision merge by operation of law (*see* Penal Law § 70.45 [5] [c]; *People v Passino*, 104 AD3d 1060, 1061 [2013]).