# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1289

KA 12-00436

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JASON SMIKLE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------

Appeal from a resentence of the Erie County Court (Michael F. Pietruszka, J.), rendered January 19, 2012. Defendant was resentenced by imposing periods of postrelease supervision upon his conviction of attempted murder in the second degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted following a jury trial of murder in the second degree (Penal Law § 125.25 [1]), four counts of attempted murder in the second degree (§§ 110.00, 125.25 [1]), and five counts of criminal possession of a weapon in the fourth degree (§ 265.01 [2]), and he appeals from a resentence with respect to that conviction. County Court originally sentenced defendant to, inter alia, consecutive and concurrent determinate terms of imprisonment of eight years for the attempted murder counts, and we affirmed the judgment of conviction (*People v Smikle*, 1 AD3d 883, *lv denied* 1 NY3d 634). The sentencing court had failed, however, to impose periods of postrelease supervision with respect to the attempted murder counts as required by Penal Law § 70.45 (1). To remedy that error (*see* Correction Law § 601-d), the court resentenced defendant prior to the completion of his sentence to the same terms of imprisonment and imposed the requisite periods of postrelease supervision.

We reject defendant's contentions that the imposition of postrelease supervision was irrational and that by our prior decision we implicitly affirmed the legality of his sentence, thus precluding the court from imposing periods of postrelease supervision at resentencing. To the contrary, as noted above, postrelease supervision is mandated by statute (*see* Penal Law § 70.45 [1]; *see generally People v Davis*, 37 AD3d 1179, 1180), and we conclude that " 'in resentencing defendant the court simply corrected the error . .

. made at the time of the original sentence and thus that the resentence was proper' " (*People v Fomby*, 103 AD3d 1100, 1100, *lv denied* 21 NY3d 1073; *see People v Sparber*, 10 NY3d 457, 472; *see generally People v Howard*, 96 AD3d 1691, 1692, *lv denied* 19 NY3d 1103).

Defendant failed to preserve for our review his contention that the 10½-year gap between his original sentence and his resentence violated his statutory right to have his sentence pronounced "without unreasonable delay" (CPL 380.30 [1]; *see People v Diggs*, 98 AD3d 1255, 1256, *lv denied* 20 NY3d 986), and his constitutional due process rights (*see People v Thomas*, 68 AD3d 514, 515), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, the periods of postrelease supervision do not render the sentence unduly harsh or severe.

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court