*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   October 2, 2014                    105542
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                                MEMORANDUM AND ORDER

ROBERT COMFORT,
                        Appellant.
_____


Calendar Date:   September 3, 2014

Before:   Peters, P.J., Lahtinen, Garry, Rose and Clark, JJ.

                        _____


        Cliff Gordon, Monticello, for appellant.

        James R. Farrell, District Attorney, Monticello (Bonnie M.
Mitzner of counsel), for respondent.

                        _____


Peters, P.J.

        Appeal from a judgment of the County Court of Sullivan
County (LaBuda, J.), rendered February 6, 2012, which resentenced
defendant following his conviction of the crime of arson in the
second degree.

        Defendant was convicted of arson in the second degree
following a jury trial and, in 2000, he was sentenced as a second
felony offender to a term of 25 years in prison.  His conviction
was subsequently affirmed on appeal (293 AD2d 822 [2002], lv
denied 98 NY2d 674 [2002]).  On June 28, 2011, the Department of
Corrections and Community Supervision (hereinafter DOCCS)
notified County Court that defendant was a "designated person"
under Correction Law § 601-d and that a mandatory period of
postrelease supervision should have been included as part of the

original sentence. County Court set a court date of July 18, 2011 to hear the parties' respective positions on resentencing and defense counsel opposed the imposition of a period of postrelease supervision. The matter was adjourned a number of times thereafter until February 6, 2012, when defendant was finally resentenced to a five-year period of postrelease supervision, in addition to the underlying 25-year prison term. He now appeals.

Defendant contends that County Court's imposition of a five-year period of postrelease supervision is illegal because the requirements of Correction Law § 601-d (2) and (4) (a) were not complied with in a timely manner. Initially, Correction Law § 601-d (2) requires DOCCS to notify the sentencing court that a defendant is a "designated person" for whom a period of postrelease supervision should have been imposed at the time of original sentencing. Once the court receives such notice from DOCCS, it is required within 10 days to appoint counsel for the defendant, provide a copy of such notice to defense counsel and calendar the defendant for a court appearance, which shall occur no later than 20 days after receipt of such notice (see Correction Law § 601-d [4] [a]).

Here, DOCCS sent the letter to County Court on June 28, 2011 and County Court set a court date of July 18, 2011, within the 20-day time period, and also appointed counsel to represent defendant sometime prior thereto. During the brief court appearance, defense counsel acknowledged that the People had shared information with her, and County Court indicated that it would provide her with DOCCS' letter. Although the letter may not have been provided to defense counsel within the statutory 10-day time period, we are of the view that this time requirement is analogous to the other time requirements contained in Correction Law § 601-d (4). Significantly, the Court of Appeals has held that the failure to comply with such time requirements does not constitute a jurisdictional defect that deprives the court of its authority to correct an illegal sentence and impose a period of postrelease supervision (see People v Velez, 19 NY3d 642, 647-648 [2012]; People v Perkins, 107 AD3d 1157, 1158 [2013], lv denied 21 NY3d 1076 [2013]; People v Langenbach, 106 AD3d 1338, 1338 [2013], lv denied 21 NY3d 1043 [2013]). In view

of this, and given that defense counsel was not prejudiced as she received the necessary information prior to the court date — well in advance of the court's final disposition — we conclude that defendant was properly resentenced to a period of postrelease supervision.  Contrary to defendant's claim, we do not find that the doctrine of laches is applicable under the circumstances presented here.

Lahtinen, Garry, Rose and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court