# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1183**
**KA 11-02176**
PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

MARIO WOODS, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MISHA A. COULSON OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Onondaga County Court (Anthony F. Aloi, J.), rendered August 26, 2011. Defendant was resentenced upon his conviction of burglary in the first degree (two counts), attempted robbery in the first degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted following a jury trial of two counts of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [i]), two counts of burglary in the first degree (§ 140.30 [1], [2]), attempted robbery in the first degree (§§ 110.00, 160.15 [2]), criminal possession of a weapon in the second degree (§ 265.03), and resisting arrest (§ 205.30), and he now appeals from a resentence with respect to that conviction. County Court originally sentenced defendant to, inter alia, concurrent determinate terms of 10 years' imprisonment for the counts of burglary, attempted robbery, and criminal possession of a weapon, and we affirmed the judgment of conviction (*People v Woods*, 284 AD2d 995, *lv denied* 96 NY2d 926). The sentencing court failed, however, to impose periods of postrelease supervision as required by Penal Law § 70.45 (1). To remedy that *Sparber* error (*see* Correction Law § 601-d; *People v Sparber*, 10 NY3d 457, 465), the court resentenced defendant prior to the completion of his sentence to the same terms of imprisonment and imposed the requisite periods of postrelease supervision (*see* Penal Law § 70.45 [1]).

We reject defendant's contention that the court abused its discretion when it imposed the periods of postrelease supervision. In the absence of the People's consent, the court was required to impose the mandatory periods of postrelease supervision (*see* Penal Law §

70.85; *People v Williams*, 14 NY3d 198, 213, *cert denied* ___ US ___, 131 S Ct 125; *People v Wright*, 85 AD3d 1316, 1316).

Defendant failed to preserve for our review his contention that the court abused its discretion in failing to order an updated presentence report prior to resentencing.  The record demonstrates that "[d]efendant did not request that the court order an updated presentence report or otherwise object to sentencing in the absence of such a report" (*People v Stachnik*, 101 AD3d 1590, 1592, *lv denied* 20 NY3d 1104; *see People v Lard*, 71 AD3d 1464, 1465, *lv denied* 14 NY3d 889).  In any event, defendant's contention is without merit because "the decision whether to obtain an updated report at resentencing is a matter resting in the sound discretion of the sentencing Judge" (*People v Kuey*, 83 NY2d 278, 282).

Defendant also failed to preserve for our review his contentions that his due process rights were violated, i.e., that he did not receive notice that he was a "designated person" under Correction Law § 601-d (1), and that there was an "unreasonable delay" between his original sentencing and the resentencing (CPL 380.80 [1]; *see generally People v Smikle*, 112 AD3d 1357, 1358, *lv denied* 22 NY3d 1141).  We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

Finally, defendant's contention that he was denied effective assistance of counsel is unreviewable to the extent that it involves matters outside the record (*see generally People v Robinson*, 221 AD2d 1029, 1029).  To the extent that the record permits review of his claims of ineffective assistance of counsel, we conclude that they are without merit (*see generally People v Caban*, 5 NY3d 143, 152; *People v Baldi*, 54 NY2d 137, 147).  It is well settled that the "failure to make a motion or [an objection] that has little or no chance of success . . . is not ineffective" (*People v Dashnaw*, 37 AD3d 860, 863, *lv denied* 8 NY3d 945 [internal quotation marks omitted]), and defendant otherwise has failed to show the absence of strategic or other legitimate explanations for defense counsel's alleged shortcomings (*see generally People v Benevento*, 91 NY2d 708, 712).

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court