# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**274**

**KA 11-02404**

PRESENT: SCUDDER, P.J., LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

WALLACE DRAKE, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BRYCE THERRIEN OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MARIA MALDONADO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Onondaga County Court (Joseph E. Fahey, J.), rendered October 19, 2011.  Defendant was resentenced by imposing periods of postrelease supervision upon his convictions of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum:  Defendant was convicted in 2002 upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [2]).  At sentencing, County Court failed to impose a period of postrelease supervision (PRS) upon each count, as required by Penal Law § 70.45 (1).  While defendant was serving his sentence, the court resentenced him pursuant to Correction Law § 601-d, to add the requisite periods of PRS.  Defendant now contends that the resentencing violates his constitutional double jeopardy and due process rights.  Even assuming, arguendo, that defendant's contentions do not require preservation (*cf. People v Woods*, 122 AD3d 1400, 1401; *People v Smikle*, 112 AD3d 1357, 1358, *lv denied* 22 NY3d 1141; *see generally People v Williams*, 14 NY3d 198, 220-221, *cert denied* ___ US ___, 131 S Ct 125), we nevertheless conclude that they lack merit.

Inasmuch as "defendant had not yet completed his originally imposed sentence of imprisonment when he was resentenced, his resentencing to a term including the statutorily required period of postrelease supervision did not violate the double jeopardy or due process clauses of the United States Constitution" (*People v Fox*, 104 AD3d 789, 789-790, *lv denied* 21 NY3d 943; *see People v Lingle*, 16 NY3d 621, 630-633; *People v Ralph*, 91 AD3d 796, 796-797, *lv denied* 20 NY3d

1064; *cf. Williams*, 14 NY3d at 217).  Defendant's reliance on cases rejected by the Court of Appeals in *Lingle* is misplaced (*see Lingle*, 16 NY3d at 632).