# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**339**

**KA 11-01981**

PRESENT: SCUDDER, P.J., SMITH, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANTWAN DAVIS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered August 4, 2011. Defendant was resentenced upon his conviction of murder in the second degree, robbery in the first degree, robbery in the second degree, assault in the second degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted in 2001 upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3]), robbery in the first degree (§ 160.15 [2]), robbery in the second degree (§ 160.10 [2] [a]), assault in the second degree (§ 120.05 [2]), and criminal possession of a weapon in the second degree (§ 265.03 [2]). Supreme Court failed to impose periods of postrelease supervision (PRS) on those counts for which a determinate sentence was imposed, as required by Penal Law § 70.45 (1). While defendant was serving his sentence, the court resentenced him pursuant to Correction Law § 601-d, to add the requisite periods of PRS. Defendant now contends that the resentencing violates his constitutional double jeopardy and due process rights. Even assuming, arguendo, that defendant's contentions do not require preservation (*cf. People v Woods*, 122 AD3d 1400, 1401; *People v Smikle*, 112 AD3d 1357, 1358, *lv denied* 22 NY3d 1141; *see generally People v Williams*, 14 NY3d 198, 220-221, *cert denied* ___ US ___, 131 S Ct 125), we nevertheless conclude that they lack merit.

Inasmuch as "defendant had not yet completed his originally imposed sentence of imprisonment when he was resentenced, his resentencing to a term including the statutorily required period of postrelease supervision did not violate the double jeopardy or due

process clauses of the United States Constitution" (*People v Fox*, 104 AD3d 789, 789-790, *lv denied* 21 NY3d 943; *see People v Lingle*, 16 NY3d 621, 630-633; *People v Ralph*, 91 AD3d 796, 796-797, *lv denied* 20 NY3d 1064; *cf. Williams*, 14 NY3d at 217).  Defendant's reliance on cases rejected by the Court of Appeals in *Lingle* is misplaced (*see Lingle*, 16 NY3d at 632).

Entered:  March 20, 2015                          Frances E. Cafarell
                                                  Clerk of the Court