# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1158
KA 12-00136
PRESENT: SCUDDER, P.J., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RAMADHAN RAJAB, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered October 24, 2011. The judgment convicted defendant, upon his plea of guilty, of rape in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty in County Court following remittal (*People v Rajab*, 79 AD3d 1718), of rape in the first degree (Penal Law § 130.35 [4]). We reject defendant's contention that the waiver of the right to appeal was not valid (*see generally People v Lopez*, 6 NY3d 248, 256). Defendant failed to preserve for our review his contention that Supreme Court, the court that sentenced defendant, relied on the original presentence investigation before imposing the agreed-upon sentence, without obtaining an updated presentence report (*see People v Woods*, 122 AD3d 1400, 1401, *lv denied* 25 NY3d 1210). In any event, that contention is without merit. "[W]here as here, [the] defendant has been continually incarcerated between the time of the initial sentencing and the [sentencing following remittal], to require an update . . . does not advance the purpose of CPL 390.20 [a]" (*People v Lard*, 73 AD3d 1464, 1465, *lv denied* 14 NY3d 889). Contrary to defendant's further contention, the agreed-upon sentence is not unduly harsh or severe.

Defendant further contends that defense counsel did not properly advise him of the immigration consequences of his plea and that he was thereby denied effective assistance of counsel. We reject that contention. Although "counsel 'must advise [his or] her client regarding the risk of deportation,' . . . that . . . duty 'is more limited' where the 'deportation consequences of a particular plea are

unclear or uncertain' " (*People v Hernandez*, 22 NY3d 972, 975, *cert denied* ___ US ___, 134 S Ct 1900), and here, the deportation consequences are uncertain in light of the political asylum status of defendant.  The record establishes that defense counsel explained to County Court that defendant understood that, as a political refugee, he would not be deported to his country of origin, but that he could be deported to another country (*see* 8 USC §§ 1158 [c] [1] [A]; 1231 [b]).  Indeed, defendant advised County Court that, knowing that he could be deported to a country other than his country of origin, he wished to proceed with the plea.  Defendant thus was not denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147).  To the extent that defendant's contentions involve allegations of deficient performance of counsel that do not appear on the record, they must be raised by way of a motion pursuant to CPL 440.10 (*see People v Peque*, 22 NY3d 168, 202-203).

Entered:  November 13, 2015                          Frances E. Cafarell
                                                     Clerk of the Court