# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1202

KA 12-00846

PRESENT: SCUDDER, P.J., SMITH, CENTRA, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DEAN MANOR, ALSO KNOWN AS DEAN MCLEAN, ALSO KNOWN
AS DEAN MCLANE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (CARA A. WALDMAN OF
COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered February 14, 2012. Defendant was resentenced by imposing terms of postrelease supervision.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: On defendant's prior appeal from a judgment convicting him following a jury trial of, inter alia, murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (former § 265.03 [2]), we modified the judgment by directing that the sentence on the criminal possession of a weapon in the second degree count run concurrently with the sentence on the murder count (*People v Manor*, 38 AD3d 1257, *lv denied* 9 NY3d 847). Defendant now appeals from a resentence imposing terms of postrelease supervision with respect to that conviction.

Defendant failed to preserve for our review his contention that the gap of approximately 10 years between his original sentence and his resentence "violated his statutory right to have his sentence pronounced 'without unreasonable delay' " (*People v Smikle*, 112 AD3d 1357, 1358, *lv denied* 22 NY3d 1141, quoting CPL 380.30 [1]; *see People v Woods*, 122 AD3d 1400, 1401, *lv denied* 25 NY3d 1210). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]). He also failed to preserve for our review his contention that Supreme Court was deprived of jurisdiction by its failure to comply with the time limits in Correction Law § 601-d. In any event, that contention is without merit. "The Court of Appeals has held that the failure to comply with the time requirements set forth in Correction Law § 601-d (4) does not constitute a jurisdictional defect depriving the court of the

authority to correct an illegal sentence and to resentence a defendant to a term that includes a period of postrelease supervision" (*People v Langenbach*, 106 AD3d 1338, 1338, *lv denied* 21 NY3d 1043; *see generally People v Lingle*, 16 NY3d 621, 630-633; *People v Williams*, 14 NY3d 198, 217, *cert denied* 562 US 947).

Contrary to defendant's additional contention, the court at resentencing did not further modify the sentence beyond the imposition of terms of postrelease supervision, and indeed it specifically directed that the sentence remained as modified by this Court on defendant's prior appeal.

Entered:  December 23, 2015                      Frances E. Cafarell
                                                 Clerk of the Court