# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1292**
**KA 11-02329**
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DARRELL GUNN, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Onondaga County Court (Joseph E. Fahey, J.), rendered October 18, 2011. Defendant was resentenced upon his conviction of attempted murder in the first degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted upon his plea of guilty of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]) and attempted murder in the first degree (§§ 110.00, 125.27 [1] [a] [vii]; [b]), and he now appeals from a resentence with respect to that conviction. County Court originally sentenced defendant to a determinate term of imprisonment for the count of attempted murder, and we affirmed the judgment of conviction (*People v Gunn*, 35 AD3d 1243, *lv denied* 8 NY3d 923, *reconsideration denied* 8 NY3d 985). The court had failed, however, to impose a period of postrelease supervision with respect to that count, as required by Penal Law § 70.45 (1). To remedy that error (*see* Correction Law § 601-d; *People v Sparber*, 10 NY3d 457, 465), with the People's consent, the court resentenced defendant prior to the completion of his sentence to the same term of imprisonment without imposing a period of postrelease supervision (*see* Penal Law § 70.85).

Defendant failed to preserve for our review his contention that he was denied due process because the resentence violated his statutory right to have his sentence pronounced "without unreasonable delay" (CPL 380.30 [1]), and because he was not given notice pursuant to Correction Law § 601-d (2) that he was a "designated person" (*see People v Woods*, 122 AD3d 1400, 1401, *lv denied* 25 NY3d 1210; *People v Diggs*, 98 AD3d 1255, 1256, *lv denied* 20 NY3d 986). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]). Contrary to

defendant's further contention, he was not denied effective assistance of counsel at the resentencing proceeding (*see Woods*, 122 AD3d at 1401-1402; *People v Williams*, 82 AD3d 1576, 1578, *lv denied* 17 NY3d 810; *see generally People v Baldi*, 54 NY2d 137, 147).