People v Mercer

2026 NY Slip Op 01992

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Anthony Mercer, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2015-12417, (Ind. No. 3933/02)

Francesca E. Connolly, J.P.

William G. Ford

Helen Voutsinas

Laurence L. Love, JJ.

Patricia Pazner, New York, NY (Melissa S. Horlick of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Julian Joiris, and Kaley Hanenkrat of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Carolyn Demarest, J.), imposed September 24, 2015, upon his convictions of assault in the first degree, reckless endangerment in the first degree, sodomy in the first degree, sodomy in the third degree, criminal solicitation in the fourth degree, and perjury in the first degree, upon a jury verdict, the resentence being a period of postrelease supervision in addition to a determinate term of imprisonment previously imposed on June 16, 2003.

ORDERED that the resentence is affirmed.

Following his convictions, after a jury trial, of assault in the first degree, sodomy in the first degree and related charges, the defendant was sentenced, as a second felony offender, to a minimum aggregate term of imprisonment of 28½ years. The judgment of conviction was subsequently affirmed on appeal (see People v Mercer, 17 AD3d 607).

By letter dated May 24, 2012, the Department of Corrections and Community Supervision (hereinafter DOCCS) notified the Supreme Court that the defendant was a "designated person" under Correction Law § 601-d and that a mandatory period of postrelease supervision should have been included as part of his original sentence (hereinafter the DOCCS notification). Justice Carolyn Demarest, who presided over the defendant's trial and sentencing proceedings, did not receive the DOCCS notification until on or about March 25, 2015. Upon Justice Demarest's receipt of the DOCCS notification, within a period of approximately one month, the court forwarded the DOCCS notification to the People, determined that the defendant was no longer represented by the attorney who had represented him at trial, assigned the defendant new counsel, and calendared the matter for resentencing. The defendant appeared before the court for resentencing on September 24, 2015, approximately six months after Justice Demarest first received the DOCCS notification, at which time he was resentenced to a five-year period of postrelease supervision, to follow the term of imprisonment.

On appeal, the defendant contends, inter alia, that the Supreme Court's imposition of a period of postrelease supervision was unlawful because the requirements of Correction Law § 601-d(2) and (4) were not complied with in a timely manner. Correction Law § 601-d(2) requires [*2]DOCCS to notify the sentencing court that a defendant is a "designated person" for whom a period of postrelease supervision should have been imposed at the time of original sentencing. DOCCS "must 'make notification of that fact to the court that sentenced such person, and to the inmate or releasee'" (People v Velez, 19 NY3d 642, 646, quoting Correction Law § 601-d[2]). "The court, when it receives the notification, 'shall promptly seek to obtain sentencing minutes, plea minutes and any other records and shall . . . conduct any reconstruction proceedings that may be necessary,'" then issue a written determination and order on the matter within a 40-day period of time (id., quoting Correction Law § 601-d[4][b]; see Correction Law § 601-d[4][d]).

Here, though DOCCS sent the DOCCS notification to the Supreme Court in May 2012, the record provides no indication that Justice Demarest was made aware of the DOCCS notification at any time prior to March 25, 2015. Moreover, the Court of Appeals has held that a failure to comply with the time requirements designated within Correction Law § 601-d(4) does not constitute a jurisdictional defect that deprives the court of its authority to correct an illegal sentence and impose a period of postrelease supervision (see People v Velez, 19 NY3d at 647-648). Considering the unusual circumstances presented here, we find that the delay in resentencing was permissible, as nothing suggests that it was willfully caused by the People or resulted in prejudice to the defendant (see id. at 649; People v Herbert, 135 AD3d 659; People v Comfort, 121 AD3d 1132, 1133-1134). We note that the defendant was resentenced long before the expiration of his original sentence (cf. People v Velez, 19 NY3d at 649-650; People v Williams, 14 NY3d 198, 217), and "his resentencing to a term including the statutorily required period of postrelease supervision did not violate the double jeopardy or due process clauses of the United States Constitution" (People v Fox, 104 AD3d 789, 789-790). Accordingly, the defendant was properly resentenced to a period of postrelease supervision (see generally People v Lingle, 16 NY3d 621, 632-633).

The defendant's remaining contentions are without merit.

CONNOLLY, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court