■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BUNTLEY, Appellant. [730 NYS2d 752] —Judgment unanimously affirmed. Memorandum: County Court properly rejected defendant's *Batson* claim. The prosecutor offered a race-neutral explanation for the dismissal of a prospective juror, i.e., that the decision-making ability of the prospective juror might be affected by the fact that her husband's relatives previously had encounters with the criminal justice system (*see, People v Craig,* 194 AD2d 687, *lv denied* 82 NY2d 716; *see generally, People v Allen,* 86 NY2d 101, 109). "Defendant's contention that the prosecutor's reason was pretextual is unpreserved for our review because defendant failed to articulate to the court 'any reason why he believed that the prosecutor's explanations were pretextual'" (*People v Bodine,* 283 AD2d 979, quoting *People v Santiago,* 272 AD2d 418, *lv denied* 95 NY2d 907).

Defendant did not object to the audibility of the audiotape of the drug buy or object to the audiotape being played to the jury and thus his contention that the audiotape is inaudible is not preserved for our review (*see,* CPL 470.05 [2]; *People v Serrano,* 170 AD2d 714, *lv denied* 77 NY2d 967). Defendant further contends that the undercover officer who purchased the drugs from defendant should not have been permitted to interpret the contents of the audiotape because his testimony was thereby bolstered. We disagree. While the audiotape was being played to the jury, the undercover officer explained where he was and what was occurring. That testimony does not constitute bolstering (*see, People v Lofton,* 226 AD2d 1082, *lv denied* 88 NY2d 938, 1022). In any event, any error in the admission of that testimony is harmless (*see, People v Banks,* 276 AD2d 304, *lv denied* 96 NY2d 732).

We reject defendant's contention that the court erred in allowing the opinion testimony of a police officer concerning drug operations (*see, People v Christian,* 248 AD2d 960, 961, *lv denied* 91 NY2d 1006; *People v Santiago,* 243 AD2d 328, 329, *lv denied* 91 NY2d 879; *People v Kelsey,* 194 AD2d 248, 251-

254). We further reject the contention of defendant that he received ineffective assistance of counsel. "[A]lthough counsel should have insisted that the People comply with his demand for a bill of particulars, we cannot conclude that the failure to do so is tantamount to ineffective assistance" (*People v Claitt,* 222 AD2d 1038, 1039, *lv denied* 88 NY2d 982). Defendant failed to establish the absence of a strategic or other legitimate explanation for the other alleged inadequacies of counsel (*see,. People v Garcia,* 75 NY2d 973, 974; *People v Palmer,* 278 AD2d 821, 822, *lv denied* 96 NY2d 786; *People v Hales,* 272 AD2d 984, 985, *lv denied* 95 NY2d 935). Based on our review of the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Monroe County Court, Geraci, Jr., J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Kehoe and Burns, JJ.