■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES KING, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES DARGAN, Appellant. [843 NYS2d 224]—

Judgments, Supreme Court, Bronx County (Peter J. Benitez, J.), rendered March 18, 2002 (defendant King) and April 8, 2002 (defendant Dargan), convicting each defendant, after a jury trial, of murder in the second degree, and sentencing each of them to a term of 25 years to life, and order, same court and Justice, entered July 14, 2006, which denied defendants' CPL 440.10 motions to vacate the judgment of conviction, unanimously affirmed.

The prosecutor had a duty to disclose its witness's cooperation agreement made in connection with a Westchester County case. However, there was not even a reasonable possibility that the nondisclosure contributed to the verdict (*see People v Vilardi*, 76 NY2d 67, 77 [1990]). The jury heard evidence that the witness's testimony in this case helped him escape the death penalty in a federal case. That the witness was also receiving or expecting a benefit in an automobile larceny case in Westchester County could not have been significant in this context. Moreover, there was overwhelming proof of guilt as to both defendants, including the testimony of another eyewitness and highly incriminating wiretap evidence.

The court properly denied that branch of King's CPL 440.10 motion alleging ineffective assistance of counsel. King's trial counsel provided effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). The court was not required to hold a hearing since it could determine the issue on the motion papers, which included counsel's affirmation fully explaining his strategic decisions, and which raised no issues of fact (*see People v Satterfield*, 66 NY2d 796, 799-800 [1985]). The record supports the motion court's findings that counsel's decision not to pursue a certain line of investigation, and to forgo pretrial motions, were reasonable under the circumstances of this case. Even if we were to find that counsel should have made such inquiries and motions at issue, we would find his failure to do so did not deprive King of a fair trial or

cause him any prejudice (*see People v Caban*, 5 NY3d 143, 155-156 [2005]; *People v Hobot*, 84 NY2d 1021, 1024 [1995]).

King's uncharged crimes argument is without merit. Concur—Lippman, P.J., Tom, Marlow, Gonzalez and Malone, JJ.