THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOBIE L. DAVIS, Appellant. [845 NYS2d 598]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered September 19, 2005. The judgment convicted defendant, upon a jury verdict, of rape in the second degree (four counts), attempted rape in the second degree, incest (four counts), attempted incest, endangering the welfare of a child (five counts), and sexual abuse in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him of, inter alia, four counts each of rape in the second degree (Penal Law § 130.30 [1]) and incest in the third degree (§ 255.25), five counts of endangering the welfare of a child (§ 260.10 [1]), and one count of sexual abuse in the second degree (§ 130.60 [2]). Contrary to defendant's contention, County Court did not abuse its discretion in determining pursuant to CPL 60.42 that defendant was not entitled to present evidence that the victim had contracted chlamydia. It is uncontroverted that only CPL 60.42 (5) applies here, and we conclude that defendant failed to demonstrate that such evidence was "relevant and admissible in the interests of justice" (*id.; see People v Wright*, 37 AD3d 1142 [2007], *lv denied* 8 NY3d 951 [2007]; *see also People v White*, 261 AD2d 653, 655-656 [1999],

*lv denied* 93 NY2d 1029 [1999]). Contrary to defendant's further contention, the People were not required to corroborate the victim's sworn testimony. The victim is deemed incapable of consenting to defendant's sexual conduct based on her age, not on mental defect or incapacity (*see* Penal Law § 130.16; *People v Lamphier*, 302 AD2d 864, 865 [2003], *lv denied* 99 NY2d 656 [2003]; *People v McLoud*, 291 AD2d 867 [2002], *lv denied* 98 NY2d 678 [2002]). We conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Contrary to defendant's further contention, the testimony of the victim did not "tend[ ] to establish the commission of multiple criminal acts during [the time periods] specified in the indictment," and thus that testimony did not render the indictment duplicitous (*People v Bracewell*, 34 AD3d 1197, 1198 [2006]). The sentence is not unduly harsh or severe. We have examined defendant's remaining contentions and conclude that they are lacking in merit. Present—Scudder, P.J., Hurlbutt, Fahey, Green and Pine, JJ.