■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL L. WARNER, Appellant. [893 NYS2d 359]—

Mercure, J.

Defendant was charged in a seven-count indictment with various crimes related to his sexual abuse of two girls, aged eight (hereinafter victim A) and four (hereinafter victim B). Following a jury trial, at which victim A testified, defendant was found guilty of two counts of rape in the first degree, one count of sexual abuse in the first degree and one count of endangering the welfare of a child, all related to victim A, as well as one count of endangering the welfare of a child with regard to victim B. County Court sentenced defendant to an aggregate prison term of 47 years, and defendant now appeals.

Initially, we reject defendant's claim that the convictions were against the weight of the evidence. Inasmuch as a different verdict would not have been unreasonable, we "must, like the trier of fact below, 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987] [citation omitted]; *see People v Danielson*, 9 NY3d 342, 348 [2007]). Our weight of the evidence review is not limited to credibility questions; "a court must consider the elements of the crime, for even if the prosecution's witnesses were credible their testimony must prove the elements of the crime beyond a reasonable doubt" (*People v Danielson*, 9 NY3d at 349).[1]

In this case, victim A testified to several incidents of abuse at the hands of defendant, and that testimony, if credited, amply supported the present convictions.[2] The first occurred in July 2002, when defendant unzipped her skirt and touched her vagina. On a second occasion when both victims were present, victim A stated that defendant instructed her to undress and touched her vagina with his penis. She then watched as defend-

---

1. Defendant also argues that the verdict was based upon legally insufficient evidence. While that argument is not preserved for our review, we necessarily consider the legal sufficiency of the evidence in the context of our weight of the evidence review (*see People v Scott*, 67 AD3d 1052, 1054 [2009]; *People v Mann*, 63 AD3d 1372, 1373 [2009]).

2. Contrary to defendant's argument, no corroboration of victim A's testimony was required, as the charged crimes were predicated upon her age (*see People v Davis*, 45 AD3d 1351, 1352 [2007]; *People v Diotte*, 305 AD2d 721, 722 [2003], *lv denied* 100 NY2d 580 [2003]).

ant placed his fingers inside victim B's vagina. Victim A further testified that, later that day, defendant inserted his penis into her vagina while victim B was present, and that defendant again fondled victim B. While there were some inconsistencies between victim A's testimony and her prior statements, defendant fully developed the argument before the jury that these inconsistencies rendered victim A unworthy of belief. The jury rejected that argument and credited victim A's testimony and, as nothing in the record suggests that her testimony was inherently incredible or otherwise deficient, we perceive no reason to disturb the jury's credibility determination (*see People v Beauharnois*, 64 AD3d 996, 998-999 [2009], *lv denied* 13 NY3d 834 [2009]; *People v Borthwick*, 51 AD3d 1211, 1214-1215 [2008], *lv denied* 11 NY3d 734 [2008]).

While defendant's other claims that are unrelated to his sentence have been reviewed and, to the extent that they are preserved, found to be meritless, we must remit this matter to County Court for resentencing. County Court failed to sentence defendant to a period of postrelease supervision, as required, for his convictions upon the rape and sexual abuse counts (*see* Penal Law § 70.45 [1], [2-a]; § 70.80 [3]). Although not raised by either party, we cannot permit an illegal sentence to stand (*see People v Gibson*, 52 AD3d 1227, 1227-1228 [2008]). The remedy for this failure "is to vacate the sentence and remit for a resentencing hearing so that the trial judge can make the required pronouncement" (*People v Sparber*, 10 NY3d 457, 471 [2008]; *see* CPL 380.20; *People v Collado*, 11 NY3d 888, 889 [2008]). While we may impose a legal sentence rather than remit for resentencing (*see People v LaSalle*, 95 NY2d 827, 829 [2000]), this remedy is generally reserved for those cases where the intent of the sentencing court may be discerned from the record (*see People v Assadourian*, 19 AD3d 207, 208 [2005], *lv denied* 5 NY3d 785 [2005]; *People v Lawrence*, 130 AD2d 383 [1987]). That is not the situation presented here, where County Court failed to impose any term of postrelease supervision (*cf. People v Serrano*, 309 AD2d 822, 823 [2003], *lv denied* 1 NY3d 580 [2003]).[3] As remittal for resentencing is necessary, defendant's argument that his present sentence is harsh and excessive is academic (*see People v Mosley*, 54 AD3d 1098, 1099 [2008]).

Cardona, P.J., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of

---

**3.** A range of postrelease supervision terms are permissible: 2½ to 5 years for the rape counts (*see* Penal Law § 70.45 [former (2) (f)]), and 1½ to 3 years for the sexual abuse count (*see* Penal Law § 70.45 [former (2) (e)]).

Madison County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.