(October 31, 2013)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL L. WARNER, Appellant. [973 NYS2d 845]—

Lahtinen, J. Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered March 24, 2010, which resentenced defendant following his conviction of the crimes of rape in the first degree (two counts), sexual abuse in the first degree and endangering the welfare of a child (two counts).

The facts are set forth in our earlier decision in which we found that defendant's convictions were not against the weight of the evidence, but remitted for resentencing because County Court had failed to include postrelease supervision (69 AD3d 1052, 1053-1054 [2010], *lv denied* 14 NY3d 894 [2010]). Upon

resentencing, County Court imposed the same terms of incarceration, an aggregate of 47 years, together with five years of postrelease supervision.* Defendant appeals.

Defendant argues that his sentence is harsh and excessive. Initially, we note that controlling case law decided after our earlier decision and defendant's resentencing has made clear that resentencing as occurred here is limited to making the required pronouncement of postrelease supervision (*see People v Lingle*, 16 NY3d 621, 635 [2011]), and our review on appeal from resentencing is "limited to the correction of errors or the abuse of discretion at the resentencing" (*People v Lakatosz*, 89 AD3d 1329, 1330 [2011], *lv denied* 18 NY3d 925 [2012] [internal quotation marks and citation omitted]). However, at resentencing, County Court imposed both postrelease supervision and periods of incarceration (albeit the same incarceration as at the original sentencing). Moreover, defendant had asserted on his earlier appeal that his sentence was harsh and excessive and we did not address the issue at that time since we were remitting for resentencing (69 AD3d at 1054). We will thus address the merits of that argument in this appeal.

While we have broad authority to modify a sentence (*see People v Delgado*, 80 NY2d 780, 783 [1992]), a legal sentence generally will not be disturbed absent extraordinary circumstances or an abuse of discretion (*see e.g. People v Kendall*, 91 AD3d 1191, 1193 [2012]; *People v Sawinski*, 294 AD2d 667, 669 [2002], *lv denied* 98 NY2d 701 [2002]). Here, defendant's sentence included, among other things, two consecutive 20-year prison terms on the first degree rape convictions. This was less than the maximum permissible sentence for that crime (*see* Penal Law § 70.02 [3] [a]). His conduct involved repeatedly subjecting two young girls to sexual acts and having sexual intercourse with an eight-year-old child (69 AD3d at 1053-1054). Although he contends that he did not perpetrate the acts constituting the criminal conduct and urges that the evidence against him was weak, a jury found otherwise regarding his conduct, and we have already determined that the weight of the evidence supported the jury's determination (*id.*). The factors articulated and weighed by County Court at resentencing were appropriate and within its discretion (*see People v Farrar*, 52

---

* Although it appears that County Court failed to articulate separate postrelease supervision for each of the pertinent convictions, defendant has not raised this issue and, in any event, five years was the maximum available postrelease supervision on the top count and any other periods would merge by operation of law (*see* Penal Law § 70.45 [5] [c]; *People v Perkins*, 107 AD3d 1157, 1158 n [2013], *lv denied* 21 NY3d 1076 [2013]; *People v Hayes*, 104 AD3d 1050, 1055 [2013]).

NY2d 302, 305-306 [1981]). Finding neither extraordinary circumstances nor an abuse of discretion, we are unpersuaded that defendant's sentence should be modified (*see People v Wallis*, 24 AD3d 1029, 1033 [2005], *lv denied* 6 NY3d 854 [2006]; *People v Dworakowski*, 208 AD2d 1129, 1130 [1994], *lv denied* 84 NY2d 1031 [1995]).

Defendant's remaining arguments are not properly before us on this appeal from resentencing in that those arguments were either raised or could have been raised upon his earlier appeal from the original judgment (*see e.g. People v Gantt*, 77 AD3d 988, 989 [2010]).

Rose, J.P., Spain and Garry, JJ., concur. Ordered that the judgment is affirmed.