# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

738

KA 13-00827

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

VINCENT TORRES, DEFENDANT-APPELLANT.

---

J. SCOTT PORTER, SENECA FALLS, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered May 10, 2013. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, attempted sodomy in the first degree (two counts), sodomy in the first degree and sexual abuse in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]), two counts of attempted sodomy in the first degree (§ 110.00, former § 130.50 [1]), and one count each of sodomy in the first degree (former § 130.50 [1]) and sexual abuse in the first degree (§ 130.65 [1]). We reject defendant's contention that County Court erred in denying his *Batson* challenge. The court properly determined that the prosecutor provided a race-neutral explanation for excluding the prospective juror (*see People v Tucker*, 22 AD3d 353, 353-354, *lv denied* 6 NY3d 760; *People v Williams*, 13 AD3d 1214, 1214-1215, *lv denied* 4 NY3d 857), and "defendant failed to meet [his] 'ultimate burden of persuading the court' that the People's race-neutral reasons for exercising a peremptory challenge with respect to an African-American juror were pretextual" (*People v Johnson*, 38 AD3d 1327, 1328, *lv denied* 9 NY3d 866, quoting *People v Smocum*, 99 NY2d 418, 422). Defendant's further contention that the court erred in sua sponte dismissing a hearing-impaired prospective juror is not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant failed to preserve for our review his contention that his conviction of one of the two counts of attempted sodomy in the first degree is not supported by legally sufficient evidence (*see*

*People v Gray*, 86 NY2d 10, 19).  In any event, we reject that contention inasmuch as the evidence is legally sufficient to establish that defendant's "actions came within dangerous proximity" of committing deviate sexual intercourse (*People v Hamilton*, 256 AD2d 922, 923, *lv denied* 93 NY2d 874; *see* Penal Law former §§ 130.00 [2], 130.50).  We reject defendant's contention that the court was required to direct that certain sentences run concurrently rather than consecutively pursuant to Penal Law § 70.25 (2).  The victim's testimony established that, although part of a continuous course of activity, the acts were separate and distinct (*see People v Bailey*, 17 AD3d 1022, 1023, *lv denied* 5 NY3d 803).  Finally, the sentence, as reduced by operation of law (*see* § 70.30 [1] [e] [vi]), is not unduly harsh or severe.

Entered:  June 12, 2015                          Frances E. Cafarell
                                                 Clerk of the Court