# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

231

KA 14-02247

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

RICHARD M. SWITTS, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Donald E. Todd, J.), rendered December 8, 2014. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the second degree (six counts), sexual abuse in the second degree (two counts), and sexual abuse in the third degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, six counts of criminal sexual act in the second degree (Penal Law § 130.45 [1]). In appeal No. 2, defendant appeals from an order denying, without a hearing, his motion pursuant to CPL 440.10 seeking to vacate the judgment of conviction.

We reject defendant's contention in appeal No. 1 that County Court erred in excluding evidence based on the Rape Shield Law (CPL 60.42; *see People v Scott*, 16 NY3d 589, 593-594). All of the evidence in question, including evidence related to emergency contraception, was within the scope of the statute as "[e]vidence of [the] victim's sexual conduct" (CPL 60.42; *see generally People v Vogel*, 66 AD3d 1367, 1368, *lv denied* 13 NY3d 942; *People v Davis*, 45 AD3d 1351, 1351-1352), and "defendant failed to demonstrate that such evidence was 'relevant and admissible in the interests of justice' " (*Davis*, 45 AD3d at 1351, quoting CPL 60.42 [5]; *see People v Halter*, 19 NY3d 1046, 1049; *People v Williams*, 61 AD3d 1383, 1383, *lv denied* 13 NY3d 751). Inasmuch as defendant was able to testify to alternative explanations for the ambiguous content of a recorded telephone conversation he had with the victim that was alleged by the People to refer to the charged crimes, the court did not abuse its discretion in precluding testimony that the conversation referred to other sexual

conduct involving the victim (*see generally Halter*, 19 NY3d at 1049-1050; *People v Simmons*, 106 AD3d 1115, 1116, *lv denied* 22 NY3d 1043). Moreover, the alleged connection between one of the precluded lines of testimony and a motive for the victim to fabricate her allegations was speculative and " 'so tenuous that the [line of testimony] was entirely irrelevant' " (*People v Carrasquillo*, 85 AD3d 1618, 1619, *lv denied* 17 NY3d 814; *see People v Perryman*, 178 AD2d 916, 917, *lv denied* 79 NY2d 1005).

Contrary to defendant's further contention in appeal No. 1, the court did not err in denying his *Batson* application concerning the People's use of a peremptory challenge to excuse the sole Asian-American prospective juror.  The prosecutor gave race-neutral reasons for excluding that prospective juror, i.e., her body language (*see People v Harris*, 50 AD3d 1608, 1608, *lv denied* 10 NY3d 959; *People v Bodine*, 283 AD2d 979, 979, *lv denied* 96 NY2d 898), her disclosure that her stepdaughter had a conviction from a neighboring county (*see People v Ball*, 11 AD3d 904, 905, *lv denied* 3 NY3d 755, *reconsideration denied* 4 NY3d 471; *see also People v Buntley*, 286 AD2d 909, 909, *lv denied* 97 NY2d 751), and her performance of work for the court's law clerk (*see generally People v Allen*, 86 NY2d 101, 110), and defendant did not meet his ultimate burden of establishing that those reasons were pretextual (*see People v Torres*, 129 AD3d 1535, 1536, *lv denied* 26 NY3d 936).

Defendant contends in appeal No. 2 that the court erred in denying his CPL 440.10 motion without a hearing to the extent that it alleged that the People committed *Brady* and *Rosario* violations by failing to disclose a flash drive containing a typewritten statement by the victim that a police investigator used as a basis for the victim's supporting deposition.  The People disclosed hard copies of the typewritten statement and deposition prior to trial, and defense counsel did not raise any objection when the investigator mentioned the flash drive in his trial testimony.  Even assuming, arguendo, that the relevant part of the motion was not subject to denial on procedural grounds (*cf.* CPL 440.10 [2] [b]; [3] [a]), we reject defendant's contention.  Defendant did not make a prima facie showing of a reasonable possibility that the nondisclosure of the flash drive contributed to his conviction.  Thus, regardless of whether he made a specific discovery request encompassing the flash drive for purposes of his *Brady* claim, he failed to establish materiality under *Brady* or prejudice under *Rosario* (*see People v Fuentes*, 12 NY3d 259, 263-264, *rearg denied* 13 NY3d 766; *People v Jackson*, 78 NY2d 638, 648-649; *People v Pennington*, 107 AD3d 1602, 1603, *lv denied* 22 NY3d 958; *People v Saxton*, 93 AD3d 1077, 1078-1079, *lv denied* 18 NY3d 998).

Finally, we reject defendant's contention in both appeals that he was denied effective assistance of counsel.  Defendant was not entitled to a hearing on the part of his CPL 440.10 motion alleging ineffective assistance of counsel because the trial record and the motion submissions, including an affidavit from defendant's trial counsel, sufficiently established that counsel's trial strategy was consistent with the actions of a reasonably competent attorney (*see*

*People v Satterfield*, 66 NY2d 796, 799-800; *People v King*, 44 AD3d 366, 366, *lv denied* 9 NY3d 1035; *see generally People v Henderson*, 27 NY3d 509, 514).  Contrary to defendant's contentions, counsel was not ineffective in failing to conduct a more "hard-hitting" cross-examination of the victim (*see People v Izzo*, 104 AD3d 964, 967, *lv denied* 21 NY3d 1005; *People v De Marco*, 33 AD3d 1045, 1046; *see also People v Gaffney*, 30 AD3d 1096, 1097, *lv denied* 7 NY3d 789), or in failing to use the jury selection process to demonstrate that expert testimony on child sexual abuse accommodation syndrome should be precluded because the subject was within the understanding of the jurors (*see generally People v Nicholson*, 26 NY3d 813, 829; *People v Morgan*, 77 AD3d 1419, 1420, *lv denied* 15 NY3d 922).

Entered:  March 24, 2017                          Frances E. Cafarell
                                                   Clerk of the Court