People v Boykins (2018 NY Slip Op 02918)





People v Boykins


2018 NY Slip Op 02918


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


122 KA 16-00320

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DANIEL BOYKINS, DEFENDANT-APPELLANT. 






NORMAN P. EFFMAN, PUBLIC DEFENDER, WARSAW (NORMAN P. EFFMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
DANIEL BOYKINS, DEFENDANT-APPELLANT PRO SE.
DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (GREGORY A. KILBURN OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Wyoming County Court (Michael M. Mohun, J.), dated November 10, 2015. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from an order denying, without a hearing, his CPL article 440 motion to vacate the 1988 judgment convicting him of murder in the second degree (Penal Law § 125.25 [1]) in connection with the death of a fellow inmate at Attica Correctional Facility (People v Boykins, 167 AD2d 871 [4th Dept 1990], lv denied 77 NY2d 904 [1991]). Defendant contends that County Court erred in denying his motion because the People violated their Brady obligations by failing to disclose a letter written by the then-District Attorney to the Chairman of the Division of Parole detailing a prosecution witness's cooperation and asking that the Parole Board consider the letter as part of the witness's file. According to defendant, that letter establishes that there was an undisclosed cooperation agreement between the witness and the prosecution. We reject defendant's contention.
"To establish a Brady violation, a defendant must show that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material" (People v Fuentes, 12 NY3d 259, 263 [2009], rearg denied 13 NY3d 766 [2009]; see People v Garrett, 23 NY3d 878, 885 [2014], rearg denied 23 NY3d 1215 [2015]). Although the People correctly concede that the letter constitutes Brady evidence (see People v Cwikla, 46 NY2d 434, 441 [1979]), they contend that the letter was actually provided to defendant and that, in any event, it was not material evidence.
"In New York, where a defendant makes a specific request for a document, the materiality element is established provided there exists a reasonable possibility' that it would have changed the result of the proceedings" (Fuentes, 12 NY3d at 263). Here, even assuming, arguendo, that the letter was not provided to the defense and that a specific request for such material was made, we nevertheless conclude that defendant failed to "make a prima facie showing of a reasonable possibility that the nondisclosure of the [letter] contributed to his conviction" (People v Switts, 148 AD3d 1610, 1611-1612 [4th Dept 2017], lv denied 29 NY3d 1087 [2017]; see generally Fuentes, 12 NY3d at 263-264).
The witness at issue was extensively questioned on cross-examination with respect to the alleged promises and benefits he had hoped for but did not obtain. Defense counsel questioned [*2]the witness about his understanding of an agreement with law enforcement officials as well as an earlier letter that an investigator and an assistant inspector general sent to the Parole Board. There could be no doubt in the jurors' minds that the witness was testifying for self-gain rather than with any altruistic intent. Indeed, the witness acknowledged that he hoped that his testimony would lead to his release on parole.
The fact that an additional letter was written to the Parole Board four months after parole had been denied and over one year before the witness would reappear before the Parole Board does not, in our view, make any difference in this case. The jury knew about the witness's desire to gain certain advantages for his testimony and nevertheless convicted defendant. Moreover, that witness's testimony was corroborated by the testimony of another eyewitness and was buttressed by the testimony of two other individuals to whom defendant made inculpatory statements.
We thus conclude that, " although [the letter] may have provided the defense with additional impeachment material, it cannot be said that there is a reasonable possibility that the result at trial would have been different had the information been disclosed' " (People v Smith, 138 AD3d 1418, 1420 [4th Dept 2016], lv denied 28 NY3d 937 [2016]; see People v Sheppard, 107 AD3d 1237, 1240 [3d Dept 2013], lv denied 22 NY3d 1203 [2014]; cf. People v Lewis, 125 AD3d 1109, 1112 [3d Dept 2015]).
We have reviewed defendant's contentions raised in his pro se supplemental brief and conclude that they lack merit.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court