People v Vanhyning (2019 NY Slip Op 08451)





People v Vanhyning


2019 NY Slip Op 08451


Decided on November 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2019

109764

[*1]The People of the State of New York, Respondent,
v
Matthew P. Vanhyning, Appellant.

Calendar Date: October 8, 2019

Before: Garry, P.J., Egan Jr., Mulvey and Aarons, JJ.


Rural Law Center of New York, Castleton (Kristin Bluvas of counsel), for appellant.
Letitia James, Attorney General, New York City (Margaret Cieprisz of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered September 7, 2017, which resentenced defendant following his conviction of the crime of criminal possession of a controlled substance in the fifth degree.
Defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree, a class D felony, and was sentenced to five years of probation in September 2015. Approximately one year later, in September 2016, County Court issued a declaration of delinquency, and defendant was charged with violating the conditions of his probation. Following his arrest, defendant admitted to violating his probation with the understanding that, if he completed certain substance abuse treatment programs, County Court would continue his probation sentence. Defendant successfully completed the treatment programs and, in September 2017, County Court resentenced defendant to five years of probation, with an expiration date in September 2022. Defendant appeals.
Defendant contends that his sentence is illegal because it requires him to serve six years of probation on his conviction. We agree. When a probation violation is sustained and the court continues the sentence, the court may extend the sentence for a period constituting the time from when a defendant is declared delinquent to when a determination is made on such delinquency, which in this case was from September 2016 to September 2017 (see CPL 410.70 [5]). The record reflects that defendant was originally sentenced to the maximum term of probation of five years (see Penal Law § 65.00 [3] [a] [i]), and County Court continued that sentence. Although the court was authorized to extend the sentence to account for the time between September 2016 and September 2017 (see CPL 410.70 [5]), by doing so in this case and having defendant's probation end in 2022, it impermissibly expanded the term of probation beyond the statutory maximum. In other words, assuming that defendant served the whole term of probation, he would have been on probation from September 2015 to September 2016 and then again from September 2017 to September 2022, which is six years total. Given that the sentence imposed was illegal, the matter must be remitted for resentencing. In light of our determination, defendant's claim that the sentence is harsh and excessive is academic (see People v Warner, 69 AD3d 1052, 1054 [2010], lv denied 14 NY3d 894 [2010]).
Garry, P.J., Egan Jr. and Mulvey, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of St. Lawrence County for resentencing; and, as so modified, affirmed.