People v Nash (2023 NY Slip Op 01629)

People v Nash

2023 NY Slip Op 01629

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

284 KA 21-00945

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIE DAN NASH, JR., DEFENDANT-APPELLANT. 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 

 Appeal from a judgment of the Wayne County Court (Richard M. Healy, J.), rendered June 2, 2021. The judgment convicted defendant upon a nonjury verdict of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of assault in the second degree (Penal Law § 120.05 [2]). Defendant's contention that the conviction is not supported by legally sufficient evidence is not preserved for our review inasmuch as he failed to renew his motion to dismiss after presenting proof (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]). Nonetheless, "we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence" (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012] [internal quotation marks omitted]; see People v Danielson, 9 NY3d 342, 349 [2007]). Here, viewing the evidence in light of the elements of the crime in this nonjury trial (see Danielson, 9 NY3d at 349), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that it cannot be said that County Court "failed to give the evidence the weight it should be accorded" (People v Albert, 129 AD3d 1652, 1653 [4th Dept 2015], lv denied 27 NY3d 990 [2016]; see People v Young, 206 AD3d 1631, 1634 [4th Dept 2022]; see generally Bleakley, 69 NY2d at 495).
We reject defendant's further contention that he was denied effective assistance of counsel based on defense counsel's failure to request certain information in a bill of particulars. Under the circumstances of this case, even if defense counsel should have requested the information, we cannot conclude that the failure to do so is tantamount to ineffective assistance (see People v Buntley, 286 AD2d 909, 910 [4th Dept 2001], lv denied 97 NY2d 751 [2002]). Moreover, viewing the evidence, the law, and the circumstances of this case as a whole and as of the time of the representation, we conclude that defendant was afforded meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court