People v Brown (2024 NY Slip Op 00566)

People v Brown

2024 NY Slip Op 00566

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND DELCONTE, JJ.

1006 KA 19-01487

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEITH G. BROWN, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered May 28, 2019. The judgment convicted defendant upon a jury verdict of attempted criminal purchase or disposal of a weapon. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of attempted criminal purchase or disposal of a weapon (Penal Law §§ 110.00, 265.17 [1]), defendant contends that the conviction is not supported by legally sufficient evidence that he was prohibited from lawfully acquiring a firearm at the time of the attempted purchase. We reject that contention (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Contrary to defendant's further contention, County Court properly denied his Batson challenge with respect to two prospective jurors. The People gave race-neutral reasons for the peremptory challenges, and defendant did not meet his ultimate burden of establishing that those reasons were pretextual (see People v Wells, 7 NY3d 51, 58 [2006]; People v Thompson, 59 AD3d 1115, 1117 [4th Dept 2009], lv denied 12 NY3d 860 [2009]; see generally People v Switts, 148 AD3d 1610, 1611 [4th Dept 2017], lv denied 29 NY3d 1087 [2017]). The court was "in the best position to evaluate the demeanor of the prospective juror[s], the prosecutor, and defense counsel, and . . . its determination that the prosecutor's proffered reasons for striking the prospective juror[s] were not pretextual is entitled to great deference" (People v Herrod, 174 AD3d 1322, 1324 [4th Dept 2019], lv denied 34 NY3d 951 [2019]; see People v Ross, 118 AD3d 1321, 1322 [4th Dept 2014], lv denied 23 NY3d 1067 [2014], reconsideration denied 24 NY3d 1122 [2015]). With respect to a third prospective juror, defendant's Batson challenge is not preserved for our review inasmuch as defendant did not object or attempt to respond after the People offered a race-neutral explanation for the peremptory challenge (see People v James, 99 NY2d 264, 271-272 [2002]; People v Singleton, 192 AD3d 1536, 1538 [4th Dept 2021]; People v Scott, 81 AD3d 1470, 1471 [4th Dept 2011], lv denied 17 NY3d 801 [2011]).
Finally, we reject defendant's contention that he was denied the right to confrontation with respect to the People's evidence of the operability of the firearm that defendant attempted to purchase (see generally People v Wakefield, 38 NY3d 367, 385-386 [2022], rearg denied 38 NY3d 1121 [2022], cert denied — US &mdash, 143 S Ct 451 [2022], reh denied — US &mdash, 143 S Ct 1799 [2023]).
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court